**URRCASE NO. _____**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs-Respondents, | Civil Action No. 24-03993-HB |
| v. | |
| BLACKBAUD, INC., et al., | |
| Defendants-Petitioners. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs-Respondents, | Civil Action No. 24-3998-HB |
| v. | |
| WHITEPAGES, INC., et al., | |
| Defendants-Petitioners. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs-Respondents, | Civil Action No. 24-4000-HB |
| v. | |
| HIYA, INC., et al., | |
| Defendants-Petitioners. | |

ATLAS DATA PRIVACY
CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

COMMERCIAL REAL ESTATE
EXCHANGE, INC., et al.,

       Defendants-Petitioners.

Civil Action No. 24-04073-HB

ATLAS DATA PRIVACY
CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

CARCO GROUP, et al.,

       Defendants-Petitioners.

Civil Action No. 24-04077-HB

ATLAS DATA PRIVACY
CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

6SENSE INSIGHTS, INC., et al.,

       Defendants-Petitioners.

Civil Action No. 24-04104-HB

ATLAS DATA PRIVACY
CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

LIGHTBOX PARENT, L.P., et al.,

       Defendants-Petitioners.

Civil Action No. 24-04105-HB

ATLAS DATA PRIVACY
CORPORATION, et al.,

      Plaintiffs-Respondents,

v.

SEARCH QUARRY, LLC, et al.,

      Defendants-Petitioners.

Civil Action No. 24-04106-HB

ATLAS DATA PRIVACY
CORPORATION, et al.,

      Plaintiffs-Respondents,

v.

ACXIOM, LLC, et al.,

      Defendants-Petitioners.

Civil Action No. 24-04017-HB

ATLAS DATA PRIVACY
CORPORATION, et al.,

      Plaintiffs-Respondents,

v.

ENFORMION, et al.,

      Defendants-Petitioners.

Civil Action No. 24-04110-HB

ATLAS DATA PRIVACY
CORPORATION, et al.,

      Plaintiffs-Respondents,

v.

COSTAR GROUP, INC., et al.,

      Defendants-Petitioners.

Civil Action No. 24-04111-HB

ATLAS DATA PRIVACY
CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

ORACLE INTERNATIONAL
CORPORATION, et al.,

       Defendants-Petitioners.

Civil Action No. 24-04112-HB

ATLAS DATA PRIVACY
CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

RED VIOLET, INC., et al.,

       Defendants-Petitioners.

Civil Action No. 24-04113-HB

ATLAS DATA PRIVACY
CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

RE/MAX, LLC, et al.,

       Defendants-Petitioners.

Civil Action No. 24-04114-HB

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs-Respondents, | Civil Action No. 24-04168-HB |
| v. | |
| EPSILON DATA MANAGEMENT, LLC, et al., | |
| Defendants-Petitioners. | |
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs-Respondents, | Civil Action No. 24-04181-HB |
| v. | |
| DATA AXLE, INC., et al., | |
| Defendants-Petitioners. | |
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs-Respondents, | Civil Action No. 24-04182-HB |
| v. | |
| REMINE, INC., et al., | |
| Defendants-Petitioners. | |
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs-Respondents, | Civil Action No. 24-04217-HB |
| v. | |
| TELTECH SYSTEMS, INC., et al., | |
| Defendants-Petitioners. | |

ATLAS DATA PRIVACY
CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

PEOPLECONNECT, INC., et al.,

       Defendants-Petitioners.

Civil Action No. 24-04227-HB

---

ATLAS DATA PRIVACY
CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

CORELOGIC, INC., et al.,

       Defendants-Petitioners.

Civil Action No. 24-04230-HB

---

ATLAS DATA PRIVACY
CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

BLACK KNIGHT TECHNOLOGIES, LLC,
et al.,

       Defendants-Petitioners.

Civil Action No. 24-04233-HB

---

ATLAS DATA PRIVACY
CORPORATION, et al.,

       Plaintiffs-Respondents,

v.

CHOREOGRAPH LLC, et al.,

       Defendants-Petitioners.

Civil Action No. 24-04271-HB

ATLAS DATA PRIVACY
CORPORATION, et al.,

     Plaintiffs-Respondents,

v.

TRANSUNION, LLC, et al.,

     Defendants-Petitioners.

Civil Action No. 24-04288-HB

ATLAS DATA PRIVACY
CORPORATION, et al.,

     Plaintiffs-Respondents,

v.

SPOKEO, INC., et al.,

     Defendants-Petitioners.

Civil Action No. 24-04299-HB

ATLAS DATA PRIVACY
CORPORATION, et al.,

     Plaintiffs-Respondents,

v.

TELNYX LLC, et al.,

     Defendants-Petitioners.

Civil Action No. 24-04354-HB

ATLAS DATA PRIVACY
CORPORATION, et al.,

     Plaintiffs-Respondents,

v.

WILAND, INC., et al.,

     Defendants-Petitioners.

Civil Action No. 24-04442-HB

ATLAS DATA PRIVACY
CORPORATION, et al.,

        Plaintiffs-Respondents,

v.

ATDATA, LLC, et al.,

        Defendants-Petitioners.

Civil Action No. 24-04447-HB

---

ATLAS DATA PRIVACY
CORPORATION, et al.,

        Plaintiffs-Respondents,

v.

PRECISELY HOLDINGS, LLC, et al.,

        Defendants-Petitioners.

Civil Action No. 24-04571-HB

---

ATLAS DATA PRIVACY
CORPORATION, et al.,

        Plaintiffs-Respondents,

v.

OUTSIDE INTERACTIVE, INC., et al.,

        Defendants-Petitioners.

Civil Action No. 24-04696-HB

---

ATLAS DATA PRIVACY
CORPORATION, et al.,

        Plaintiffs-Respondents,

v.

VALASSIS DIGITAL CORP., et al.,

        Defendants-Petitioners.

Civil Action No. 24-04770-HB

ATLAS DATA PRIVACY CORPORATION, et al.,

        Plaintiffs-Respondents,

v.

THE LIFETIME VALUE CO. LLC, et al.,

        Defendants-Petitioners.

Civ. Action No. 24-04850-HB

---

ATLAS DATA PRIVACY CORPORATION, et al.,

        Plaintiffs-Respondents,

v.

FIRST AMERICAN FINANCIAL CORPORATION, et al.,

        Defendants-Petitioners.

Civ. Action No. 24-05334-HB

---

ATLAS DATA PRIVACY CORPORATION, et al.,

        Plaintiffs-Respondents,

v.

LEXISNEXIS RISK DATA MANAGEMENT, LLC, et al.,

        Defendants-Petitioners.

Civ. Action No. 24-06160-HB

On Appeal from the United States District Court
For the District Court of New Jersey, Camden Division
The Honorable Harvey Bartle III

District Court Nos. 1:24-cv-03993(HB); 1:24-cv-03998(HB); 1:24-cv-04000(HB);

1:24-cv-04073(HB); 1:24-cv-04077(HB); 1:24-cv-04104(HB);
1:24-cv-04105(HB); 1:24-cv-04106(HB); 1:24-cv-04107(HB);
1:24-cv-04110(HB); 1:24-cv-04111(HB); 1:24-cv-04112(HB);
1:24-cv-04113(HB); 1:24-cv-04114(HB); 1:24-cv-04168(HB);
1:24-cv-04181(HB); 1:24-cv-04182(HB); 1:24-cv-04217(HB);
1:24-cv-04227(HB); 1:24-cv-04230(HB); 1:24-cv-04233(HB);
1:24-cv-04271(HB); 1:24-cv-04288(HB); 1:24-cv-04299(HB);
1:24-cv-04354(HB); 1:24-cv-04442(HB); 1:24-cv-04447(HB);
1:24-cv-04571(HB); 1:24-cv-04676(HB); 1:24-cv-04770(HB);
1:24-cv-04850(HB); 1:24-cv-05334(HB); and 1:24-cv-06160(HB).

---

**JOINT PETITION FOR PERMISSION TO APPEAL
UNDER 28 U.S.C. § 1453(c)**

---

Angelo A. Stio III
Melissa A. Chuderewicz
Stephanie L. Jonaitis
TROUTMAN PEPPER HAMILTON
SANDERS LLP
Suite 400, 301 Carnegie Center
Princeton, NJ 08540-6227

*Attorneys for Petitioners-Defendants
Acxiom LLC (1:24-cv-04107), AtData
LLC (1:24-cv-04447), CoreLogic, Inc.
(1:24-cv-04230), Enformion, LLC,
Enformion Holdco Inc. (1:24-cv-
04110), Red Violet, Inc. (1:24-cv-
04113), and Remine Inc. (1:24-cv-
04182)*

Stephen M. Turner
DENTONS US LLP
101 JFK Parkway, 4th Floor
Short Hills, NJ 07078

-and-

Kristen C. Rodriguez, Esq. (admission
pending)
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020

*Attorneys for Petitioner-Defendant
Wiland, Inc. (1:24-cv-04442)*

Ryan A. Savercool
MCCARTER & ENGLISH LLP
Four Gateway Center
00 Mulberry Street
Newark, New Jersey 07102

-and-

Jon M. Talotta (admission pending)
HOGAN LOVELLS US LLP
8350 Broad Street (Boro Tower)
Tysons, VA 22102

David M. Cheifetz (admission pending)
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, New York 10017

*Attorneys for Petitioners-Defendants The
Lifetime Value Co. LLC, BeenVerified,
LLC, NeighborWho LLC,The NumberGuru,
LLC; PeopleLooker LLC, PeopleSmart
LLC, Ownerly, LLC (1:24-cv-04850)*

Stephen M. Turner, Esq.
DENTONS US LLP
101 JFK Parkway, 4th Floor
Short Hills, NJ 07078

-and-

Bety Javidzad, Esq. (pro hac vice)
DENTONS US LLP
601 South Figueroa Street, Suite 2500

*Attorneys for Petitioner-Defendant
Commercial Real Estate Exchange, Inc.
(1:24-cv-04073)*

Timothy M. Jabbour
George Z. Twill
TRESSLER LLP
163 Madison Avenue, Suite 404
Morristown, NJ 07960

Gregory C. Scaglione (admission
pending)
Timothy Hutchinson (admission
pending)
KOLEY JESSEN P.C., L.L.P.
1125 S. 103rd St., Suite 800
Omaha, NE 68124

*Attorneys for Petitioner-Defendant
Data Axle, Inc. (1:24-cv-04181)*

Michael D. Margulies
CARLTON FIELDS, P.A.
180 Park Avenue, Suite 106
Florham Park, NJ 07932

*Attorneys for Petitioners-Defendants
Teltech Systems Inc. and Epic
Applications, LLC (1:24-cv-04217)*

Ross A. Lewin
FAEGRE DRINKER BIDDLE
& REATH LLP
05 College Road East
Princeton, New Jersey 08542

-and -

Kevin DeMaio
FAEGRE DRINKER BIDDLE
& REATH LLP
600 Campus Drive
Florham Park, New Jersey 07932

-and-

Rachel Niewoehner
Katherine Sobiech
CROKE FAIRCHILD DUARTE &
BERES
191 N. Wacker Dr., Floor 31
Chicago, IL 60606

*Attorneys for Petitioners-Defendants
Epsilon Data Management, LLC,
Conversant LLC and Citrus Ad
International, Inc. (1:24-cv-04168)*

Samantha L. Southall
BUCHANAN INGERSOLL & ROONEY
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19103

*Attorneys for Petitioners-Defendants Trans
Union, LLC, Neustar, Inc., and TransUnion
Risk and Alternative Data Solutions, Inc.
(1:24-cv-04288)*

Michael T. Hensley
CARLTON FIELDS
Jorkeell Echeverria 180 Park Avenue,
Suite 106
Florham Park, New Jersey 07932

Sarah F. Hutchins (admission pending)
Corri A. Hopkins (admission pending)
PARKER POE ADAMS &
BERNSTEIN LLP
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202

*Attorneys for Petitioner-Defendant
Blackbaud, Inc. (1:24-cv-03993)*

Alan Schoenfeld
Marissa M. Wenzel (admission
pending)
Todd Clayton (admission pending)
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007

-and-

Christopher Davies (admission
pending)
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037

*Attorneys for Petitioner-Defendant
Choreograph LLC (1:24-cv-04271-HB)*

Lauri A. Mazzuchetti
Whitney M Smith
Aaron J. Gold
KELLEY DRYE & WARREN LLP
One Jefferson Road, 2nd Floor
Parsippany, New Jersey 07054

*Attorneys for Petitioner-Defendant
RE/MAX, LLC (1:24-cv-04114)*

A. Matthew Boxer
Gavin J. Rooney
Rasmeet K. Chahil
LOWENSTEIN SANDLER LLP
One Lowenstein Drive
Roseland, New Jersey 07068

*Attorneys for Petitioner-Defendant
LexisNexis Risk Data Management, LLC
and RELX, Inc. (1:24-cv-06160)*

Scott S. Christie (ID: 37901989)
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102

-and-

Curtis B. Leitner
McCARTER & ENGLISH, LLP
Worldwide Plaza
825 Eighth Ave., 31st Floor
New York, NY 10019

*Attorneys for Petitioners-Defendants*
*Black Knight Technologies, LLC and*
*Black Knight, Inc. (1:24-cv-04233)*

Scott S. Christie
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102

*Attorneys for Petitioner-Defendant Telnyx*
*LLC (1:24-cv-04354)*

Serrin Turner
LATHAM & WATKINS LLP
1271 Avenue of Americas
New York, NY 10020

*Attorneys for Petitioners-Defendants*
*CoStar Group, Inc. and CoStar Realty*
*Information, Inc. (1:24-cv-04111) and*
*Petitioners-Defendants LightBox*
*Parent, L.P. and LightBox Holdings,*
*L.P. (1:24-cv-04105)*

Robert C. Collins
LATHAM & WATKINS LLP
330 N. Wabash Ave, Suite 2800
Chicago, IL 60611

*Attorneys for Petitioners-Defendants*
*Oracle International, Corporation, Oracle*
*America, Incorporated, and Oracle*
*Corporation (1:24-cv-04112) and*
*Petitioners-Defendants PeopleConnect,*
*Inc., PeopleConnect Holdings, Inc.,*
*Intelius, LLC, and PeopleConnect*
*Intermediate, LLC (1:24-cv-04227)*

Alexandra S. Jacobs
John Papianou
MONTGOMERY MCCRACKEN
WALKER & RHOADS LLP
457 Haddonfield Road, Suite 600
Cherry Hill, NJ 08002

-and-

Rebecca E. Kuehn (admission pending)
Robert D. Tilley (admission pending)
Jason F. Esteves (admission pending)
HUDSON COOK LLP
1909 K Street, NW, 4th Floor
Washington, DC 20006

*Attorneys for Petitioner-Defendant
First American Financial Corporation
(1:24-cv-05334)*

Myriah V. Jaworski (admission
pending)
Chirag H. Patel (admission pending)
Steven Richman, Esq.
CLARK HILL PLC
210 Carnegie Center, Suite 102
Princeton, NJ 08540

*Attorneys for Defendant 6sense
Insights, Inc. (1:24-cv-04104) and
Search Quarry LLC (1:24-cv-04106)*

Daniel C. Green
Jean A. Occhiogrosso
VEDDER PRICE P.C
1633 Broadway, 31st Floor
New York, New York 10019

-and-

Blaine C. Kimrey (admission pending)
222 N. LaSalle Street
Chicago, IL 60601

*Attorneys for Petitioners-Defendants
Whitepages, Inc. (1:24-cv-03998) and
Hiya, Inc. (1:24-cv-04000)*

Camille Joanne Rosca
ORRICK, HERRINGTON & SUTCLIFFE
LLP
51 West 52nd Street New York, NY
10019-6142

*Attorneys for Petitioner-Defendant Outside
Interactive, Inc. (1:24-cv-04696)*

Joshua N. Howley
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, NJ 07102

-and-

Andrew J. Pincus*
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006

-and-

John Nadolenco*
Daniel D. Queen*
MAYER BROWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071

-and-

Benjamin D. Bright*
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020

*admissions pending

*Attorneys for Petitioner-Defendant
Spokeo, Inc. )1:24-cv-04299)*

William C. Baton
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza
1037 Raymond Blvd.
Newark, NJ 07102-5426

-and-

Matthew D. Brown (admission pending)
Bethany C. Lobo (admission pending)
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111

*Attorneys for Petitioners-Defendants
Precisely Holdings, LLC, Precisely
Software Inc., and Precisely Software Ltd.
(1:24-cv-04571)*

William C. Baton
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza
1037 Raymond Blvd.
Newark, NJ 07102-5426

-and-

Matthew D. Brown (admission
pending)
Bethany C. Lobo (admission pending)
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111

*Attorneys for Petitioners-Defendants
Valassis Digital Corp. and Valassis
Communications, Inc. (1:24-cv-04770)*

Kenneth D. Friedman
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, New York 10036

-and-

Kareem A. Salem (admission pending)
Brandon Reilly (admission pending)
662 Encinitas Blvd., Suite 216
Encinitas, CA 92024

*Attorneys for Petitioner-Defendant
Vericast Corp. (1:23-cv-04770)*

# TABLE OF CONTENTS

<u>Page</u>

INTRODUCTION ...................................................................................1

STATUTORY AUTHORITY GRANTING LEAVE TO APPEAL.......................2

PROCEDURAL AND FACTUAL BACKGROUND ...............................3

QUESTION PRESENTED.....................................................................4

RELIEF SOUGHT ................................................................................5

REASONS FOR GRANTING REVIEW ................................................5

    A.    This Case Presents Important CAFA-Related Questions ...................6

    B.    The DNJ Erred in its Application of the CAFA Mass Action Provision ..........................................................................7

        1.    A Mass Assignment is Equivalent to Mass Joinder..................8

        2.    Misplaced Reliance on *Hood* .................................................11

        3.    Misapplication of *Hood* .......................................................15

        4.    The DNJ's Order Undermines Congressional Intent...............16

    C.    The Issue is Consequential, Likely to Recur, and Will Evade Review ..........................................................................19

    D.    Plaintiffs Will Suffer No Prejudice from Granting Review..............19

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abraham v. St. Croix Renaissance Grp.,*
   L.L.L.P, 719 F.3d 270 (3d Cir. 2013)...................................................3

*Alfred L. Snapp & Son, Inc. v. Puerto Rico, ex rel., Barez,*
   458 U.S. 592 (1982).............................................................................12

*Atlas Data Privacy Corp. v. Spokeo, Inc.,*
   No. 1:24-cv-04299-HB ECF No. 1-3 ....................................................3

*Birkins v. Seaboard Serv.,*
   96 F. Supp. 245 (D.N.J. 1950)........................................................11, 14

*BP America, Inc. v. Oklahoma ex rel. Edmondson,*
   613 F.3d 1029 (10th Cir. 2010)........................................................6, 19

*Broselow v. Fisher,*
   319 F.3d 605 (3d Cir. 2003) ..........................................................13, 14

*College of Dental Surgeons of Puerto Rico v. Connecticut General*
   *Life Insurance Co.,*
   585 F.3d 33 (1st Cir. 2009)..................................................................19

*Dart Cherokee Basin Operating Co., LLC v. Owens,*
   574 U.S. 81 (2014)...........................................................................6, 18

*Frederico v. Home Depot,*
   507 F.3d 188 (3d Cir. 2007) .................................................................5

*Gallagher v. Johnson & Johnson Consumer Companies, Inc.,*
   169 F. Supp. 3d 598 (D.N.J. 2016).......................................................12

*Mississippi ex. rel Hood v. AU Optronics Corp.,*
   571 U.S. 161 (2014)......................................................................passim

*Kaufman v. Allstate New Jersey Ins. Co.,*
   561 F.3d 144 (3d Cir. 2009) .................................................................7

*Kramer v. Caribbean Mills, Inc.*,
    394 U.S. 823 (1969)........................................................................13

*Leflar v. Target Corp.*,
    57 F.4th 600 (8th Cir. 2023) ...........................................................8

*Neale v. Volvo Cars of N. Am., LLC*,
    794 F.3d 353 (3d Cir. 2015) ...........................................................12

*Pennsylvania v. Harbour Portfolio Cap., LLC*,
    No. 18-989, 2018 U.S. Dist. LEXIS 194566 (W.D. Pa. Nov. 15,
    2018) ..............................................................................................14, 16

*Pennsylvania v. Porter*,
    659 F.2d 306 (3d Cir. 1981) ...........................................................14

*Ramirez v. Vintage Pharms., LLC*,
    852 F.3d 324 (3d Cir. 2017) ...........................................................5, 8

*Robert D. Mabe, Inc. v. OptumRX*,
    43 F.4th 307 (3d Cir. 2022) ....................................................*passim*

*Sprint Comm's Co., L.P. v. APCC Servs., Inc.*,
    554 U.S. 269 (2008).......................................................................9, 10, 18

*Standard Fire Ins. Co. v. Knowles*,
    568 U.S. 588 (2013).......................................................................17, 18

*Suber v. Kontinental Koaches, Inc.*,
    104 F.3d 578 (3d Cir. 1997) ...........................................................10

*United States v. Fontaine*,
    697 F.3d 221, 57 V.I. 914 (3d Cir. 2012) .......................................18

*Vermont Agency of Nat. Res. V. U.S. ex rel. Stevens*,
    529 U.S. 765 (2000).......................................................................17

*Waite v. Santa Cruz*,
    184 U.S. 302 (1902).......................................................................10, 11, 18

*Wecker v. National Enameling & Stamping Co.*,
    204 U. S. 176 (1907).......................................................................16

*Winn-Dixie Stores, Inc. v. E. Mushroom Mktg. Coop.*,
 No. 15-6480, 2020 U.S. Dist. LEXIS 158687 (E.D. Pa. Sep. 1,
 2020) ........................................................................................................13

*Zahn v. Int'l Paper Co.*,
 414 U.S. 291 (1973) ................................................................................10

**Statutes**

28 U.S.C. § 1332(11)(B) ......................................................................1, 6

28 U.S.C. § 1453(c) ........................................................................1, 2, 20

**Other Authorities**

Wright & Miller, 5A Fed Prac. & Proc. Civ. § 1321 (4th ed.) ...............17

**Certification of Compliance**

**Addendum 1** – List of Petitioners-Defendants

**Exhibit A** – Order dated November 20, 2024
**Exhibit B** – Memorandum dated November 20, 2024

Pursuant to 28 U.S.C. § 1453(c)(1) and Federal Rule of Appellate Procedure 5, Defendants-Petitioners ("Defendants")[1] seek leave to appeal the November 20, 2024 order ("Remand Order") of the United States District Court for the District of New Jersey ("DNJ"),[2] which remanded 39 cases to the Superior Court of New Jersey that Defendants had removed, in part, as mass actions under the Class Action Fairness Act, 28 U.S.C. §1332(d)(11)(B)(i) ("CAFA Mass Action Provision").

## INTRODUCTION

This case involves an issue of first impression – whether actions proposing to aggregate and jointly try the claims of thousands of persons by way of a mass assignment to a single assignee are subject to federal jurisdiction under the CAFA Mass Action Provision. Atlas Data Privacy Corporation ("Atlas"), the corporate assignee plaintiff in the cases subject to the Remand Order (the "CAFA Mass Actions"), allegedly obtained assignments of claims from more than 19,000 "Covered Persons"[3] under New Jersey's Daniel's Law and then, purportedly as

---

[1] *See* **Addendum 1**.

[2] The Third Circuit designated the Honorable Harvey Bartle III of the United States District Court for the Eastern District of Pennsylvania to oversee the Daniel's Law cases. Designation of District Judge, Civil Action No. 1:24-cv-04077-HB ("*Atlas v. Carco*"), ECF No. 9. Unless otherwise noted, all citations to "ECF" relate to the docket in *Atlas v. Carco*.

[3] Under Daniel's Law a "Covered Person" includes a New Jersey judge, prosecutor, or law enforcement officer and their immediate family members who live in the same household. Mem. at 10, ECF No. 76.

assignee of each of these persons,[4] filed lawsuits in multiple New Jersey state courts seeking monetary and injunctive relief on their behalf.

The DNJ, relying on the Supreme Court holding in *Mississippi ex. rel Hood v. AU Optronics Corp.,* 571 U.S. 161 (2014), a *parens patriae* action brought by the Mississippi attorney general on behalf of a state and is factually distinct and legally inapposite, found that Atlas's use of mass assignments can evade CAFA mass action jurisdiction because "there are not a hundred named plaintiffs in any of the complaints." Memorandum Accompanying Order Granting Remand ("Mem."), ECF No. 76, at 39. This decision was erroneous. This Court, in *Robert D. Mabe, Inc. v. OptumRX*, 43 F.4th 307, 323 (3d Cir. 2022), recognized that Congress intended collective actions, like the actions here, to be in federal court under CAFA. This Court should intervene to correct the DNJ's error and prevent Plaintiffs from exploiting a new and unintended CAFA loophole.

### STATUTORY AUTHORITY GRANTING LEAVE TO APPEAL

Under 28 U.S.C. §1453(c)(1), this Court may "accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed if application is made to the court of appeals not

---

[4] Atlas did not specifically name the thousands of covered persons in the complaints, but it made clear that it was suing "as the assignee of the claims of approximately 19,251 individuals" and seeking monetary relief on each claim. *See* ECF No. 1, Carco Compl. at ¶26, Prayer ¶¶ B, C.

more than 10 days after entry of the order."[5] The DNJ entered the Remand Order on November 20, 2024. *See, e.g.,* Remand Order ECF No. 77. This Petition is timely.

## PROCEDURAL AND FACTUAL BACKGROUND

Atlas provides services to Covered Persons who register for Atlas's platform. Mem. at 10, ECF No. 76. These services include enforcement actions Atlas pursues on behalf of Covered Persons through use of mass assignments. ECF No. 23, Ex. A.

During the December 2023 holiday season and the 2024 New Year, Atlas simultaneously sent thousands of purported take-down requests under Daniel's Law to more than 140 businesses. *See, e.g., id.* ¶52; *Compl.* ¶50, *Atlas Data Privacy Corp. v. Spokeo, Inc.*, No. 1:24-cv-04299-HB ECF No. 1-3. Thereafter, several individual police officers and Atlas (as the alleged assignee of approximately 19,000 persons) ("Plaintiffs") began filing nearly identical complaints in the Superior Court of New Jersey (the "Complaints"), claiming Defendants failed to adequately address the requests within the 10-business-day statutory period. *Id.* ¶59-60. The Complaints alleged that 19,000 Covered Persons assigned their claims to Atlas to recover, among other things, liquidated damages of $1,000 per violation, attorneys' fees and costs, and injunctive relief to remove "protected information wherever disclosed." *See,*

---

[5] This provision also permits the Court to hear appeals over orders granting or denying motions to remand "mass actions," because CAFA defines mass actions to be class actions under the statute. *See Abraham v. St. Croix Renaissance Grp.*, L.L.L.P, 719 F.3d 270, 275 (3d Cir. 2013).

*e.g.*, Compl., ¶26, and WHEREFORE CLAUSE, ECF No. 1-1. Despite the alleged assignments, the Covered Persons retained a 65% interest in any monetary recovery and 100% interest in any injunctive relief. Mem. 12; ECF No. 23, Ex. A.

Defendants removed 75 of the actions to the DNJ based on, among other grounds, CAFA mass action jurisdiction because the Complaints proposed to jointly try the monetary relief claims of more than 100 persons. *See, e.g.,* Notice of Removal ¶8, ECF No. 1. On May 3, 2024, Plaintiffs filed a Consolidated Motion for Remand ("Remand Motion"). Plaintiffs argued CAFA mass action jurisdiction did not exist because there are not 100 named plaintiffs in any of the Complaints, as allegedly required by *Hood. See, e.g.,* Mem. at 36, ECF No. 76.

On September 9, 2024, Defendants opposed the Remand Motion. *See id.*, ECF No. 55. On October 22, 2024, the DNJ heard oral argument, (ECF No. 69), and on November 20, 2024, the DNJ granted the Remand Motion. *See, id.*, ECF No. 77. In its decision, the DNJ concluded, in part, that CAFA mass action jurisdiction did not exist because the CAFA Mass Actions do not involve 100 named plaintiffs. *See, e.g.*, Mem. at 39, ECF No. 76.

## QUESTION PRESENTED

Whether the CAFA Mass Actions, which propose to aggregate and collectively prosecute the Daniel's Law claims of nearly 19,000 identified persons

through the use of a mass assignment mechanism used by a single corporate assignee, were properly removed under CAFA.

## RELIEF SOUGHT

Defendants ask this Court to grant leave to appeal and either (a) allow Defendants to file an appeal of the Remand Order related to CAFA mass action jurisdiction, and/or (b) reverse the Remand Order and instruct the DNJ to retain jurisdiction of the CAFA Mass Actions.[6]

## REASONS FOR GRANTING REVIEW

In evaluating an appeal of a remand order under CAFA, Circuit Courts of Appeal consider the following nonexclusive list of factors: (1) "the presence of an important CAFA-related question;" (2) whether the question is "unsettled;" (3) whether the question appears to be either incorrectly decided or fairly debatable; (4) the question's importance to the case; (5) "whether the question is likely to evade effective review if left for consideration only after final judgment;" (6) its likelihood of recurrence; (7) whether the decision is sufficiently final for review; and (8) whether "the probable harm to the applicant should an immediate appeal be refused [outweighs] the probable harm to the other parties should an immediate

---

[6] This Court would apply plenary review to issues of subject matter jurisdiction, including the determination of whether to properly regard a case as a mass action under CAFA. *Ramirez v. Vintage Pharms., LLC*, 852 F.3d 324, 328 (3d Cir. 2017), citing *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).

appeal be entertained." *BP America, Inc. v. Oklahoma ex rel. Edmondson*, 613 F.3d 1029, 1034 (10th Cir. 2010). Each of these factors supports granting this Motion.

### A.    This Case Presents Important CAFA-Related Questions

Congress enacted CAFA to "relax" the federal jurisdiction requirements, meaning "CAFA's 'provisions should be read broadly, with a strong preference'" that qualifying cases "be heard in a federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (quoting S. Rep. No. 109-14, p. 43 (2005)); *see also Robert D. Mabe, Inc.*, 43 F.4th at 323 (advising that CAFA "is best read as ensuring that qualifying mass actions . . . are not being kept from the federal courts"). CAFA explicitly expanded federal jurisdiction to include "mass action[s]": 28 U.S.C. §1332(d)(11), defined as "any civil action . . . in which *monetary relief claims of 100 or more persons are proposed to be tried jointly* on the ground that the plaintiffs' claims involve common questions of law or fact" and did so as a "backstop" to prevent plaintiffs from artfully avoiding class action status by using the mass joinder of individual claims. *See id.* (emphasis added); *Hood*, 571 U.S. at 173; *see also Robert D. Mabe, Inc.*, 43 F.4th at 318.

This Motion presents an issue of first impression – whether CAFA mass action jurisdiction exists where individual claims are assigned *en masse* to a private entity for litigation purposes. *See BP America, Inc.*, 613 F.3d at 1035 (accepting an appeal that "raises the important and unsettled legal questions whether CAFA's mass

action provision applies" to suits filed by a particular type of plaintiff); *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 148 (3d Cir. 2009) (granting leave to appeal important CAFA issue of first impression).

If the Remand Order is left unreviewed and undisturbed, a wide swath of collective actions filed in state court, like the actions here, which resemble class actions and otherwise would be subject to CAFA's relaxed jurisdictional rules, may now escape federal jurisdiction simply by relying on mass assignments to a corporate litigation vehicle like Atlas. But that is just the sort of loophole that Congress wanted to close through the CAFA Mass Action Provision, which is intended to ensure that actions that "utilize large-scale joinder or other consolidation mechanisms . . ." could be heard in federal court. *Robert D. Mabe, Inc.*, 43 F.4th at 319.

### B.    The DNJ Erred in its Application of the CAFA Mass Action Provision

The DNJ erroneously held that "[s]ince there are not a hundred named plaintiffs in any of the complaints, defendants' argument that subject matter jurisdiction exists because these lawsuits are mass actions under [CAFA] is without merit." Mem. at 39. The DNJ overlooked relevant Supreme Court and Third Circuit caselaw that supports federal jurisdiction here and misapplied distinguishable Supreme Court precedent (*Hood*) that addressed a different question presented. [7]

---

[7] The DNJ also employed the wrong legal standard for CAFA removals. It noted that "[a]ll doubts must be resolved in favor of remand," *see* Mem. at 14, but

1.    <u>A Mass Assignment is Equivalent to Mass Joinder</u>

The litigation-by-mass-assignment device used by Atlas is mass joinder by another name. It is undisputed that each Complaint was filed by Atlas to aggregate and prosecute in a single lawsuit the allegedly assigned, individual monetary relief claims of approximately 19,000 identifiable persons. *See, e.g.*, Remand Motion at 33, ECF No. 23 (claiming that the Covered Persons intentionally "assigned their litigation rights to Atlas for the purpose of collectively prosecuting and enforcing Daniel's Law"); *id.* at Ex. A, Service Terms (agreeing to give Atlas "discretion [to] determine that an efficient method of prosecuting [Covered Person Daniel's Law claims] is through civil litigation *whereby individual claims are aggregated and prosecuted* by Atlas") (emphasis added).[8] These litigations litigation-by-mass-assignment are precisely the kind of "collective actions that utilize large scale joinder or other consolidation mechanisms" to aggregate claims, which this Court explained

---

this is incorrect. No anti-removal presumption applies to removal under CAFA. *See Leflar v. Target Corp.*, 57 F.4th 600, 603 (8th Cir. 2023).

[8] Although Atlas could have filed separate lawsuits on behalf of each alleged Covered Person assignee, because it chose to proceed a single Complaint against each Defendant to "collectively prosecute" or "aggregate" approximately 19,000 assigned claims, this Court must presume Atlas and the Covered Persons assignees are seeking to try such claims jointly and subjecting themselves to CAFA jurisdiction. *See Ramirez*, 852 F.3d at 330 (reversing a district court remand order, finding CAFA jurisdiction proper, and noting that "[w]here a single complaint joins more than 100 separate claims involving common questions of law and fact, there is a presumption that those plaintiffs have implicitly proposed a joint trial").

is the hallmark of a CAFA "mass action." *See Robert D. Mabe, Inc.*, 43 F.4th at 319. The DNJ's decision does not even mention *Robert D. Mabe, Inc.,* and it fails to address whether the litigations by mass assignment employed by Atlas amount to "collective actions that utilize large scale joinder or other consolidation mechanisms." *See id.* In fact, the DNJ failed to consider almost all of Defendants' arguments for why these actions are, in fact, civil actions proposing to jointly try the monetary relief claims of "100 or more persons." Instead, it focused solely on *Hood* to the exclusion not only of *Robert D. Mabe, Inc.*, but also other key Supreme Court authority. This was error.

While *Hood* did not consider whether mass assignment litigation qualifies as a mass joinder action under CAFA, other Supreme Court precedent suggests it does qualify as a mass action. For example, in *Sprint Comm's Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269 (2008), the Court explained that a mass assignment of claims to a single assignee is "one of several methods for bringing about ***aggregation of claims***, *i.e.*, they are but one of several methods by which ***multiple similarly situated parties*** get similar claims resolved at one time and in one federal forum," and it specifically analogized mass assignment to Federal Rule of Civil Procedure 20(a) which permits joinder of multiple parties. *See id.* at 291 (emphasis added). Indeed, even if *Hood*'s holding equating persons to plaintiffs were applicable here (which it is not), the Court noted that in the CAFA Mass Action Provision, "Congress used

9

the terms 'persons' and 'plaintiffs' just as they are used in Federal Rule of Civil Procedure 20, governing party joinder . . . as 'individuals who are proposing to join as plaintiffs in a single action.'" *Hood*, 571 U.S. at 169–70. And that is just what the CAFA Mass Actions propose to do by way of mass assignments, which the *Sprint* Court analogized to multiparty joinder under Rule 20. *Sprint*, 554 U.S. at 291. Because the Supreme Court recognizes that litigation-by-mass-assignment is tantamount to multi-party litigation through joinder, both are covered by CAFA.

Similarly, in *Waite v. Santa Cruz*, 184 U.S. 302, 324 (1902), the Supreme Court treated for jurisdictional purposes a ***single*** mass assignee, like Atlas, pursuing collection of numerous individual claims, as ***multiple*** plaintiffs jointly pursuing their own claims. In *Waite*, a single plaintiff sued to collect on several municipal bonds and coupons whose "legal title" had been assigned to him "for collection only." 184 U.S. 302, 324 (1902). The Court held that federal courts could not hear the suit because the amount-in-controversy requirement would not have been satisfied if the bondholders and coupon holders had sued individually. *See id.* at 328–29.[9]

---

[9] Thus, in the mass assignment context, the Supreme Court applied the well-settled rule that *multiple* plaintiffs may not aggregate separate and independent claims for jurisdictional purposes, *see e.g.*, *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 292 (1973), rather than the other well-settled rule that a *single* plaintiff typically may aggregate as many independent claims as they wish to meet the amount-in-controversy requirement, *see, e.g.*, *Suber v. Kontinental Koaches, Inc.*, 104 F.3d 578, 588 (3d Cir. 1997).

*Waite* and its progeny recognize that individual assignors' claims, when transferred to an assignee like Atlas for collection purposes, still maintain independent jurisdictional significance. While this line of cases prevents plaintiffs from *manufacturing* federal jurisdiction by using mass assignments, the same logic should apply to prevent plaintiffs, like Atlas, from *destroying* federal jurisdiction. Indeed, just like in *Waite* and other cases where, to prevent plaintiffs from evading a jurisdictional statute, the courts considered whether each individual assignor could meet the amount in controversy independently, the DNJ should have considered the citizenship and claims of each individual assignor in assessing diversity of citizenship as if each were a separate, named plaintiff. *See Waite*, 184 U.S. at 302; *Birkins v. Seaboard Serv.*, 96 F. Supp. 245, 250 (D.N.J. 1950).

2.    Misplaced Reliance on *Hood*

In entering the Remand Order, the DNJ relied solely on the Supreme Court's holding in *Hood*, a decision which is not applicable to mass assignments of private claims. Instead, in *Hood*, the State of Mississippi "as the sole plaintiff" and exercising its *parens patriae* authority, brought "*a claim* for restitution based on injuries suffered by the State's citizens" relating to alleged antitrust violations. *Hood*, 571 U.S. at 164 (emphasis added). This distinguishing fact is critical because

in a *parens patriae* action, an attorney general must possess and assert a quasi-sovereign interest and a claim **on behalf of the State** apart from the interests or claims of any particular private parties. *See Alfred L. Snapp & Son, Inc. v. Puerto Rico, ex rel., Barez*, 458 U.S. 592, 600, 600–02 (1982); *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 365 (3d Cir. 2015) ("[t]he focus in a *parens patriae* action is on the State, independent of the benefits that might accrue to any particular individual.")(internal quotations and citations omitted). *Hood*, therefore, is not applicable to a case brought by a purported mass assignee, like Atlas, which possesses no independent interests of its own, but instead seeks to aggregate claims **on behalf of thousands of separate, identifiable people**.[10]

To be sure, *Hood* held that the *parens patriae* action brought by Mississippi did not qualify as a mass action under CAFA because "a 'mass action' must involve monetary claims brought by 100 or more persons who propose to try those claims jointly as named plaintiffs." *Hood*, 571 U.S. at 164. But in *Hood*, the Court arrived at this result by reasoning, in a *parens patriae* context, that CAFA's "100 or more persons" language did not contemplate "unspecified individuals who have no actual

---

[10] The District of New Jersey has confined *Hood* to the *parens patriae* context. *See, e.g., Gallagher v. Johnson & Johnson Consumer Companies, Inc.*, 169 F. Supp. 3d 598, 607 (D.N.J. 2016) ("[*Hood*] decide[d] whether a suit filed **by a State** as the sole plaintiff nevertheless falls within the meaning of 'mass action' because it sought restitution for injuries suffered by the State's citizens.") (emphasis added).

participation in the suit," and instead covered "the parties who are proposing to join their claims in a single trial." *Id.* at 169. Thus, *Hood*'s holding was premised on the State asserting a claim in its own sovereign interest and not on behalf of unnamed real parties in interest who the courts could not identify. *Id.* at 170–72. And, because a State cannot bring a *parens patriae* action to vindicate the purely private interests and the claims of its citizens, *see, e.g., Broselow v. Fisher*, 319 F.3d 605, 609 (3d Cir. 2003), *Hood* had no reason to consider whether the State "as the sole plaintiff" was actually bringing the "claims of more than 100 persons" as CAFA requires. Thus, the DNJ's conclusion that "the Supreme Court could not have been clearer" [Mem. at 39], ignores the distinguishable context supporting *Hood*'s holding.

Unlike in *Hood*, Atlas is proposing to jointly try thousands of claims in each action on behalf of identifiable persons who could have asserted those claims in their own separate actions prior to the alleged assignments, and who will directly receive the lion's share of any recovery from the actions being pursued. *See* Mem. at 12 (acknowledging 65% of recovery goes to the assignees and 35% goes to Atlas). Put differently, in bringing each action, Atlas, for CAFA mass action purposes, now "steps into the shoes" of each Covered Person, *see Winn-Dixie Stores, Inc. v. E. Mushroom Mktg. Coop.*, No. 15-6480, 2020 U.S. Dist. LEXIS 158687, at *39 (E.D. Pa. Sep. 1, 2020), and acts as a *de facto* collection agent to recover individual claims for monetary relief on their behalf. *See Kramer v. Caribbean Mills, Inc.*, 394 U.S.

13

823, 829 (1969) (concluding with "little doubt that the assignment was for purposes of collection" where assignor retained substantial interest in recovery); *see also Birkins*, 96 F. Supp. at 248–50 (finding plaintiff who obtained ownership of bonds "for the purpose of retaining counsel, instituting suit and delivering . . . the proceeds of any judgment which might be obtained less costs of the litigation. . . . to be nothing more than an assignee for the purpose of collection only").

As recognized by courts in the Third Circuit, actions filed by assignees for collection are readily distinguishable from *parens patriae* actions. *See Pennsylvania v. Harbour Portfolio Cap., LLC*, No. 18-989, 2018 U.S. Dist. LEXIS 194566, *4 (W.D. Pa. Nov. 15, 2018) (explaining that a "paradigmatic counterexample" to a *parens patriae* action "would be a suit in which the state proceeds as a mere collection agent of private parties"); *see also Broselow*, 319 F.3d at 609 (holding that the language of the complaint "demonstrated that [the Commonwealth] did not proceed 'under an assignment' from Medicaid recipients," but in a *parens patriae* capacity that is "apart from the interests of particular private parties that affects a sufficiently substantial segment of its residents") (internal quotations and citations omitted); *Pennsylvania v. Porter*, 659 F.2d 306, 317 n.15 (3d Cir. 1981) (distinguishing "collection agent" suits from *parens patriae* suits in which the state is the real party in interest). Thus, because Atlas brings the actions to collect on behalf of thousands of identified persons, unlike the State in *Hood* acting as *parens*

*patriae*, Atlas is asserting separate, individual claims on behalf of private parties within the mass action provision's meaning of "monetary relief claims of 100 or more persons [that] are proposed to be tried jointly." 28 U.S.C. § 1332(11)(B).

### 3.    Misapplication of *Hood*

Moreover, the DNJ failed to examine much of the Supreme Court's reasoning, which further demonstrates that *Hood* is inapplicable here. Indeed, none of the specific rationales outlined in *Hood* apply here. First, *Hood* rejected the "theory that there may be 100 or more unnamed persons who are real parties in interest as beneficiaries to any of the plaintiffs' claims" because it was concerned that CAFA does not refer to "100 or more named or unnamed real parties in interest." 571 U.S. at 168–69. But that is not the jurisdictional argument Defendants make here. Defendants contend that, in each Complaint, Atlas is the alleged assignee who steps into the shoes of more than 100 persons – approximately 19,000 identifiable Covered Persons – to aggregate and prosecute their monetary relief claims just like in any typical mass action. That is quite different from the real party in interest argument offered in *Hood*, which the Supreme Court determined, at most, showed a hypothetical, attenuated beneficial interest that millions of unknown and unidentified Mississippi citizens might have in the state's own *parens patriae* claim.

Second, *Hood* explained that "it is difficult to imagine how the claims of one set of unnamed individuals could be proposed for joint trial on the ground that the

15

claims of some completely different group of named plaintiffs share common questions." *Id.* at 170. Not so here, where there are approximately 19,000 identifiable Covered Persons whose claims Atlas proposes to aggregate for trial.

Third, the "unwieldy inquiries" and "administrative nightmares" which concerned the Court in *Hood* are not present here because, unlike the alleged "unnamed real parties in interest" in *Hood* whose individual amounts-in-controversy were difficult to determine, or who would be difficult to identify for purposes of any proposed transfer motion, all of the Covered Persons are specific, known persons (nor is the amount in controversy contested or any transfer motion contemplated).

Finally, *Hood* recognized the Supreme Court has historically rejected the use of assignments to create or destroy diversity because courts could "look behind the pleadings to ensure that parties are not improperly creating or destroying diversity jurisdiction." *Id.* at 175 (citing *Wecker v. National Enameling & Stamping Co.*, 204 U. S. 176, 185-186 (1907)). Thus, because the Supreme Court was cognizant that assignments might be used to circumvent federal jurisdiction, its rejection of CAFA's application to *parens patriae* actions should not be read as a rejection of CAFA's application to mass assignment litigation, a paradigmatic counterexample it did not consider or address in *Hood. See id*; *Harbour Portfolio Cap., LLC*, at *4.

4.    The DNJ's Order Undermines Congressional Intent

The DNJ's Order also erroneously exalts form over substance by concluding that Atlas's strategy not to identify each assignor by name in the caption to the Complaints somehow means Atlas is proposing to try fewer than 100 persons' monetary claims in each case. These efforts have been rejected. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 588 (2013) (rejecting effort to "exalt form over substance," which would "run directly counter to CAFA's primary objective"); Wright & Miller, 5A Fed Prac. & Proc. Civ. § 1321 (4th ed.) ("[T]he caption is not determinative as to the identity of the parties to the action . . . ."). Atlas is a "named plaintiff" in each Complaint 19,000 times over, and only has standing to sue (if at all) in its capacity as the assignee for each individual assignor. *See Vermont Agency of Nat. Res. V. U.S. ex rel. Stevens*, 529 U.S. 765, 773 (2000) ("[T]he assignee of a claim has standing to assert the injury in fact suffered by the assignor."). In other words, Atlas is actually "Atlas, as assignee of Assignor No. 1," "Atlas, as assignee of Assignor No. 2," and so on, through "Atlas, as assignee of Assignor No. 19,251." Thus, even under *Hood*'s restrictive limitation of the phrase "claims of 100 or more persons" to "100 or more [named plaintiffs]," the Complaints still assert "monetary relief claims of 100 or more" named plaintiffs.

Finally, the DNJ appeared reluctant to "undermine the text of [CAFA] as construed by the Supreme Court" by reference to broader policy concerns advanced by CAFA. Mem. at 39. But the Court's extension of the Supreme Court's textual

17

analysis in *Hood* to these vastly different factual circumstances would lead to the unfair and absurd result that actions asserting the alleged monetary relief claims of more than 100 identified persons may evade federal jurisdiction simply by pursuing those claims through a corporate litigation vehicle. This is a result that the Supreme Court could not have intended in light of CAFA jurisprudence recognizing Congressional intent to broaden federal jurisdiction over large collective actions,[11] prior decisions analogizing mass assignment litigation to multi-party joinder litigation,[12] and longstanding treatment of mass assignees as multiple plaintiffs for jurisdictional purposes,[13] and one which this Court has cautioned against when interpreting CAFA. *See Robert D. Mabe, Inc.*, 43 F.4th at 320 ("on occasion plain and unambiguous language ends up stating what was ***not*** Congress's intent" and "[i]n these instances 'we are obligated to construe statutes sensibly and avoid constructions which yield absurd or unjust results'") (quoting *United States v. Fontaine*, 697 F.3d 221, 227, 57 V.I. 914 (3d Cir. 2012)).

---

[11] *Knowles*, 568 U.S. at 595; *Dart Cherokee*, 574 U.S. at 84.

[12] *Sprint*, 554 U.S. at 291.

[13] *Waite*, 184 U.S. at 334.

**C.    The Issue is Consequential, Likely to Recur, and Will Evade Review**

The Remand Order deprives Defendants of their statutory right to litigate in federal court under the CAFA Mass Action Provision. The loss of that right is undeniably "consequential to [this] . . . particular case."[14] In light of the DNJ's ruling, it is likely that additional large groups of plaintiffs who may wish to avoid federal court jurisdiction under CAFA will now file actions that rely on an automated mass assignment device to evade CAFA mass action jurisdiction. Indeed, Atlas itself may very well continue to evade federal jurisdiction in this manner in future filed cases. Additionally, if the Motion is denied, the Remand Order "would evade effective review." Without an appeal to review the Remand Order, these actions will proceed in state courts and the question of federal jurisdiction will become moot. Finally, the record in these actions is "sufficiently final" to review as the DNJ terminated the actions. ECF No. 78.

**D.    Plaintiffs Will Suffer No Prejudice from Granting Review**

Plaintiffs will suffer no prejudice if the Motion is granted. Approximately 36 Daniel's Law cases remain in federal court where all pending deadlines are stayed. *See* August 15, 2024 Order at ¶6, ECF No. 49. Given the stay and the expedited

---

[14] *BP America*, 613 F.3d at 1034 (quoting *College of Dental Surgeons of Puerto Rico v. Connecticut General Life Insurance Co.*, 585 F.3d 33 (1st Cir. 2009)).

timeframe to decide the appeal, the risk of delay in the cases is remote. Further, Plaintiffs themselves have acknowledged no prejudice as they "have no preference between federal court or state court," and would "readily accept [the federal court's] jurisdiction over" the actions, and "welcome the opportunity to litigate" their claims in an "efficient[]," "coordinate[d]" manner in federal court. *See, e.g.*, Remand Motion at 15–16, 25, ECF No. 23.

In stark contrast, the Remand Defendants face irreparable harm if their statutory right to federal jurisdiction is denied without review. *See* 28 U.S.C. § 1453(c)(2). Further, remanding these cases across several counties in New Jersey will result in waste of judicial resources and expenses and potentially inconsistent procedural and substantive rulings – a particularly unwarranted result if, in fact, as Defendants respectfully submit, the cases could simply proceed forthwith as coordinated mass actions in federal court.

## CONCLUSION

For the foregoing reasons, the Court should grant the Petition for leave to appeal the Remand Order.

Dated: December 2, 2024

**CLARK HILL PLC**

*/s/ Myriah V. Jaworski*
Myriah V. Jaworski (admission pending)
Chirag H. Patel (admission pending)
Steven Richman, Esq.
210 Carnegie Center, Suite 102
Princeton, NJ 08540 (609) 785-2911
Email:  mjaworski@clarkhill.com
cpatel@clarkhill.com
srichman@clarkhill.com

*Attorneys for Petitioner-Defendant 6sense Insights, Inc.*

**TROUTMAN PEPPER HAMILTON SANDER LLP**

*/s/ Angelo A. Stio III*
Angelo A. Stio III
Melissa A. Chuderewicz
Stephanie L. Jonaitis
Suite 400
301 Carnegie Center
Princeton, NJ 08540-6227
Telephone: (609) 951-4125
Email:        angelo.stio@troutman.com
melissa.chuderwicz@troutman.com
stephanie.jonaitis@troutman.com

*Attorneys for Petitioner-Defendant Acxiom LLC*

**TROUTMAN PEPPER HAMILTON SANDER LLP**

*/s/ Angelo A. Stio III*
Angelo A. Stio III
Melissa A. Chuderewicz

21

Stephanie L. Jonaitis
Suite 400
301 Carnegie Center
Princeton, NJ 08540-6227
Telephone: (609) 951-4125
Email:        angelo.stio@troutman.com
melissa.chuderwicz@troutman.com
stephanie.jonaitis@troutman.com

*Attorneys for Petitioner-Defendant AtData
LLC*

**MCCARTER & ENGLISH LLP**

*/s/ Christopher A. Rojao*
Christoper A. Rojao
Ryan A. Savercool
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
crojao@mccarter.com
rsavercool@mccarter.com

-and-

Jon M. Talotta (admission pending)
McCarter & English LLP
8350 Broad Street (Boro Tower)
Tysons, VA 22102
Tel: 703.610.6100
jon.talotta@hoganlovells.com

-and-

**HOGAN LOVELLS**
David M. Cheifetz (admission pending)
Elizabeth C. Milburn (admission pending)
390 Madison Avenue

22

New York, New York 10017
Tel: 212.918.3000
david.cheifetz@hoganlovells.com
tina.milburn@hoganlovells.com

*Attorneys for Petitioner-Defendants in 1:24-cv-4850-HB, The Lifetime Value Co. LLC, BeenVerified, LLC, NeighborWho LLC, The NumberGuru, LLC, PeopleLooker LLC, PeopleSmart LLC, Ownerly, LLC*

**CARLTON FIELDS**

*/s/ Michael T. Hensley*
Michael T. Hensley
Jorkeell Echeverria
180 Park Avenue, Suite 106
Florham Park, New Jersey 07932
Tel: 973.828.2613 Fax: 212.430.5501
MHensley@carltonfields.com
JEcheverria@carltonfields.com

 -and-

**PARKER POE ADAMS & BERNSTEIN LLP**
Sarah F. Hutchins (admission pending)
Corri A. Hopkins (admission pending)
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
Tel: 704.335.6639
sarahhutchins@parkerpoe.com
corrihopkins@parkerpoe.com

*Attorneys for Petitioner-Defendant Blackbaud, Inc.*

**McCARTER & ENGLISH, LLP**

*/s/ Scott S. Christie*
Scott S. Christie (ID: 37901989)
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 622-4444
Email: schristie@mccarter.com
 -and-

Curtis B. Leitner
**McCARTER & ENGLISH, LLP**
Worldwide Plaza
825 Eighth Ave., 31st Floor
New York, NY 10019
Telephone: (212) 609-6800
Email: cleitner@mccarter.com

*Attorneys for Petitioner-Defendants Black Knight Technologies, LLC and Black Knight, Inc.*

**WILMER CUTLER PICKERING HALE AND DORR LLP**

*/s/ Alan Schoenfeld*
Alan Schoenfeld (New Jersey Bar No. 285532018)
Marissa M. Wenzel (admission pending)
Todd Clayton (admission pending)
-and-

**WILMER CUTLER PICKERING HALE AND DORR LLP**
7 World Trade Center
250 Greenwich Street

24

New York, NY 10007
(212) 230-8800 (phone)
(212) 230-8888 (fax)
alan.schoenfeld@wilmerhale.com
marissa.wenzel@wilmerhale.com
todd.clayton@wilmerhale.com

 -and-

Christopher Davies (admission pending)
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
2100 Pennsylvania Avenue NW
Washington, DC 20037
(202) 663-6000 (phone)
(202) 663-6363 (fax)
christopher.davies@wilmerhale.com

*Attorneys for Petitioner-Defendant
Choreograph LLC*


**DENTONS US LLP**

*/s/ Stephen M. Turner*
Stephen M. Turner, Esq.
DENTONS US LLP
101 JFK Parkway, 4th Floor
Short Hills, NJ 07078
Telephone: (973) 912-7146
Email: stephen.turner@dentons.com

-and-

Kristen C. Rodriguez, Esq. (admission
pending)
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 398-5280

25

Email: kristen.rodriguez@dentons.com

*Attorneys for Petitioner-Defendant*
*Commercial Real Estate Exchange*


**TROUTMAN PEPPER**
**HAMILTON SANDER LLP**

*/s/ Angelo A. Stio III*
Angelo A. Stio III
Melissa A. Chuderewicz
Stephanie L. Jonaitis
TROUTMAN PEPPER HAMILTON
SANDERS LLP
Suite 400
301 Carnegie Center
Princeton, NJ 08540-6227
Telephone: (609) 951-4125
Email:      angelo.stio@troutman.com
melissa.chuderwicz@troutman.com
stephanie.jonaitis@troutman.com

*Attorneys for Petitioner-Defendant*
*CoreLogic, Inc.*


**LATHAM & WATKINS LLP**

*/s/ Kevin M. McDonough*
Kevin M. McDonough (ID: 41892005)
Serrin Turner (admission pending)
LATHAM & WATKINS LLP
1271 Avenue of Americas
New York, NY 10020
Telephone: (212) 906-1200
Email:      kevin.mcdonough@lw.com
serrin.turner@lw.com

-and-

26

Bradley M. Baglien (admission pending)
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Email: bradley.baglien@lw.com

*Attorneys for Petitioner-Defendants CoStar Group, Inc. and CoStar Realty Information, Inc.*

Timothy M. Jabbour (ID:TJ5611)
George Z. Twill (ID: 275292018)
Tressler LLP
163 Madison Avenue, Suite 404
Morristown, NJ 07960
973-848-2901
tjabbour@tresslerllp.com
gtwill@tresslerllp.com

-and-

Gregory C. Scaglione (admission pending)
Timothy Hutchinson (admission pending)
Koley Jessen P.C., L.L.O.
1125 S. 103rd St., Suite 800
Omaha, NE 68124
531-444-0644
Greg.Scaglione@koleyjessen.com
Tim.Hutchinson@koleyjessen.com

*Attorneys for Petitioner-Defendant Data Axle, Inc.*

**TROUTMAN PEPPER
HAMILTON SANDER LLP**

*/s/ Angelo A. Stio III*
Angelo A. Stio III
Melissa A. Chuderewicz
Stephanie L. Jonaitis
TROUTMAN PEPPER HAMILTON
SANDERS LLP
Suite 400
301 Carnegie Center
Princeton, NJ 08540-6227
Telephone: (609) 951-4125
Email:        angelo.stio@troutman.com
melissa.chuderewicz@troutman.com
stephanie.jonaitis@troutman.com

*Attorneys for Petitioner-Defendants
Enformion, LLC and Enformion Holdco,
Inc.*

**FAEGRE DRINKER BIDDLE &
REATH LLP**
*/s/ Ross A. Lewin*
Ross A. Lewin
Faegre Drinker Biddle & Reath LLP
105 College Road East
Princeton, New Jersey 08542

-and-

Kevin DeMaio
Faegre Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, New Jersey 07932
ross.lewin@faegredrinker.com
kevin.demaio@faegredrinker.com

-and-

**Croke Fairchild Duarte & Beres**

Rachel Niewoehner (admission pending)
Katherine Sobiech (admission pending)
191 N. Wacker Dr., Floor 31
Chicago, IL 60606
rniewoehner@crokefairchild.com
ksobiech@crokefairchild.com

*Attorneys for Petitioner-Defendants Epsilon*
*Data Management, LLC, Conversant LLC,*
*Citrus Ad International, Inc.*

**MONTGOMERY MCCRACKEN**
**WALKER & RHOADS LLP**

*/s/ Alexandra S. Jacobs*
Alexandra S. Jacobs
John Papianou
457 Haddonfield Road, Suite 600
Cherry Hill, NJ 08002
856.488.7746
ajacobs@mmwr.com
jpapianou@mmwr.com

-and-

**HUDSON COOK LLP**

Rebecca E. Kuehn (admission pending)
Robert D. Tilley (admission pending)
Jason F. Esteves (admission pending)
1909 K Street, NW, 4th Floor
Washington, DC 20006
202.327.9710 / 202.327.9711
rkuehn@hudco.com
rtilley@hudco.com
jesteves@hudco.com

*Attorneys for Petitioner-Defendant First*
*American Financial Corporation*

**VEDDER PRICE P.C.**

*/s/ Daniel C. Green*
dgreen@vedderprice.com
Jean A. Occhiogrosso
jocchiogrosso@vedderprice.com
1633 Broadway, 31st Floor
New York, New Yorsk 10019
T: +1 212 407 7700
F: +1 212 407 7799

*/s/ Blaine C . Kimrey*
Blaine C. Kimrey (admission pending)
bkimrey@vedderprice.com
Bryan K. Clark (admission pending)
bclark@vedderprice.com
222 N. LaSalle Street
Chicago, IL 60601
T: +1 312 609 7500
F: +1 312 407 5005

*Attorneys for Petitioner-Defendant Hiya,*
*Inc.*

**LATHAM & WATKINS LLP**

*/s/ Kevin M. McDonough*
Kevin M. McDonough (ID: 41892005)
Serrin Turner (admission pending)
LATHAM & WATKINS LLP
1271 Avenue of Americas
New York, NY 10020

Telephone: (212) 906-1200
Email:        kevin.mcdonough@lw.com
serrin.turner@lw.com

-and-

Jennifer C. Archie (admission pending)
Bradley M. Baglien (admission pending)
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Email:        jennifer.archie@lw.com
bradley.baglien@lw.com

-and-

Robert C. Collins (admission pending)
LATHAM & WATKINS LLP
330 N. Wabash Ave, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email: robert.collins@lw.com

*Attorneys for Petitioner-Defendants
PeopleConnect, Inc., PeopleConnect
Holdings, Inc., Intelius, LLC,
PeopleConnect Intermediate, LLC*

**LOWENSTEIN SANDLER LLP**

*/s/ A. Matthew Boxer*
A. Matthew Boxer
Gavin J. Rooney
Rasmeet K. Chahil
LOWENSTEIN SANDLER LLP
One Lowenstein Drive
Roseland, New Jersey 07068

31

973.597.2500
mboxer@lowenstein.com
grooney@lowenstein.com
rchahil@lowenstein.com

*Attorneys for Petitioner-Defendants*
*LexisNexis Risk Data Management, LLC*
*and RELX Inc.*


**LATHAM & WATKINS LLP**

*/s/ Kevin M. McDonough*
Kevin M. McDonough (ID: 41892005)
Serrin Turner (admission pending)
LATHAM & WATKINS LLP
1271 Avenue of Americas
New York, NY 10020
Telephone: (212) 906-1200
Email:      kevin.mcdonough@lw.com
serrin.turner@lw.com

-and-

Jennifer C. Archie (admission pending)
Bradley M. Baglien (admission pending)
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Email:      jennifer.archie@lw.com
bradley.baglien@lw.com

-and-

Robert C. Collins (admission pending)
LATHAM & WATKINS LLP
330 N. Wabash Ave, Suite 2800
Chicago, IL 60611

Telephone: (312) 876-7700
Email: robert.collins@lw.com

*Attorneys for Petitioner-Defendants
LightBox Parent, L.P. and LightBox
Holdings, L.P.*

**LATHAM & WATKINS LLP**

*/s/ Kevin M. McDonough*
Kevin M. McDonough (ID: 41892005)
Serrin Turner (admission pending)
LATHAM & WATKINS LLP
1271 Avenue of Americas
New York, NY 10020
Telephone: (212) 906-1200
Email:      kevin.mcdonough@lw.com
serrin.turner@lw.com

-and-

Jennifer C. Archie (admission pending)
Bradley M. Baglien (admission pending)
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Email:      jennifer.archie@lw.com
bradley.baglien@lw.com

-and-

Robert C. Collins (admission pending)
LATHAM & WATKINS LLP
330 N. Wabash Ave, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email: robert.collins@lw.com

33

*Attorneys for Petitioner-Defendants Oracle International Corporation, Oracle America, Incorporated, and Oracle Corporation*

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

<u>*/s/ Camille Joanne Rosca*</u>
Camille Joanne Rosca
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone: +1 212 506 5000
Email: crosca@orrick.com

*Attorneys for Petitioner-Defendant Outside Interactive, Inc.*

**SAUL EWING LLP**

<u>*/s/ William C. Baton*</u>
William C. Baton
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza
1037 Raymond Blvd.
Newark, NJ 07102-5426
(973) 286-6700
wbaton@saul.com
sarah.sullivan@saul.com

-and-

**COOLEY LLP**
Matthew D. Brown (admission pending)

34

Bethany C. Lobo (admission pending)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
E-mail: brownmd@cooley.com
E-mail: blobo@cooley.com

*Attorneys for Petitioner-Defendants
Precisely Holdings, LLC, Precisely Software
Inc., and Precisely Software Ltd.*

**KELLEY DRYE & WARREN LLP**

*/s/ Lauri A. Mazzuchetti*

Lauri A. Mazzuchetti
Whitney M. Smith
Aaron J. Gold
KELLEY DRYE & WARREN LLC
One Jefferson Road, 2nd Floor
Parsippany, NJ 07054
Tel: (973) 503-5900
Fax: (973) 503-5950
lmazzuchetti@kelleydrye.com
wsmith@kelleydrye.com
agold@kelleydrye.com

*Attorneys for Petitioner-Defendant
RE/MAX, LLC*

**TROUTMAN PEPPER
HAMILTON SANDER LLP**

*/s/ Angelo A. Stio III*
Angelo A. Stio III
Melissa A. Chuderewicz
Stephanie L. Jonaitis
Suite 400

301 Carnegie Center
Princeton, NJ 08540-6227
Telephone: (609) 951-4125
Email:      angelo.stio@troutman.com
melissa.chuderwicz@troutman.com
stephanie.jonaitis@troutman.com

*Attorneys for Petitioner-Defendant Red
Violet, Inc.*

**TROUTMAN PEPPER
HAMILTON SANDER LLP**

*/s/ Angelo A. Stio III*
Angelo A. Stio III
Melissa A. Chuderewicz
Stephanie L. Jonaitis
Suite 400
301 Carnegie Center
Princeton, NJ 08540-6227
Telephone: (609) 951-4125
Email:      angelo.stio@troutman.com
melissa.chuderwicz@troutman.com
stephanie.jonaitis@troutman.com

*Attorneys for Petitioner-Defendant Remine
Inc.*

**CLARK HILL PLC**

*/s/ Myriah V. Jaworski*
Myriah V. Jaworski (admission pending)
Chirag H. Patel (admission pending)
Steven Richman, Esq.
210 Carnegie Center, Suite 102
Princeton, NJ 08540 (609) 785-2911
Email:  mjaworski@clarkhill.com

cpatel@clarkhill.com
srichman@clarkhill.com

*Attorneys for Petitioner-Defendant Search Quarry LLC*


**SILLS CUMMIS & GROSS P.C.**

*/s/ Joshua N. Howley*
Joshua N. Howley
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, NJ 07102
(973) 643-7000
jhowley@sillscummis.com

Andrew J. Pincus*
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
apincus@mayerbrown.com

John Nadolenco*
Daniel D. Queen*
MAYER BROWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071
(213) 229-9500
jnadolenco@mayerbrown.com

Benjamin D. Bright*
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 506-2500
bbright@mayerbrown.com
*admission pending

37

*Attorneys for Petitioner-Defendant Spokeo, Inc.*

**CARLTON FIELDS, P.A.**

/s/ *Michael D. Margulies*
Michael D. Margulies (No. 030412008)
CARLTON FIELDS, P.A.
180 Park Avenue, Suite 106
Florham Park, NJ 07932
Telephone: (973) 828-2600
Email: mmargulies@carltonfields.com

*Attorneys for Petitioner-Defendants Teltech Systems Inc. and Epic Applications, LLC*

**Buchanan Ingersoll & Rooney**

 /s/s *Samantha L. Southall*
Samantha L. Southall
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19103

*Attorneys for Petitioners-Defendants Trans Union, LLC, Neustar, Inc. and TransUnion Risk and Alternative Data Solutions, Inc.*

**McCARTER & ENGLISH, LLP**

/s/ *Scott S. Christie*.
Scott S. Christie (ID: 37901989)
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 622-4444
Email: schristie@mccarter.com

*Attorneys for Petitioner-Defendant Telnyx
LLC*

**SAUL EWING LLP**

*/s/ William C. Baton*
William C. Baton
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza
1037 Raymond Blvd.
Newark, NJ 07102-5426
(973) 286-6700
wbaton@saul.com
sarah.sullivan@saul.com
alexander.callo@saul.com

-and-

**COOLEY LLP**
Matthew D. Brown (admission pending)
Bethany C. Lobo (admission pending)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
E-mail: brownmd@cooley.com
E-mail: blobo@cooley.com

*Attorneys for Petitioner-Defendants Valassis
Digital Corp. and Valassis Communications,
Inc.*

**MANATT, PHELPS & PHILLIPS, LLP**
*/s/ Kenneth D. Friedman*
Kenneth D. Friedman
7 Times Square

New York, New York 10036
(212) 790-4500
kfriedman@manatt.com

Kareem A. Salem (admission pending)
Brandon Reilly (admission pending)
662 Encinitas Blvd., Suite 216
Encinitas, CA 92024
(619) 205-8520
ksalem@manatt.com
breilly@manatt.com

*Attorneys for Petitioner-Defendant Vericast
Corp.*

**VEDDER PRICE P.C.**

*/s/ Daniel C. Green*
Daniel C. Green
Jean A. Occhiogrosso
1633 Broadway, 31st Floor
New York, New York 10019
T: +1 212 407 7700
F: +1 212 407 7799
dgreen@vedderprice.com
jocchiogrosso@vedderprice.com

-and-

Blaine C. Kimrey (admission pending)
Bryan K. Clark (admission pending)
Vedder Price P.C.
222 N. LaSalle Street
Chicago, IL 60601
T: +1 312 609 7500
F: +1 312 407 5005
bkimrey@vedderprice.com
bclark@vedderprice.com

40

*Attorneys for Petitioner-Defendant Whitepages, Inc.*


**DENTONS US LLP**

*/s/ Stephen M. Turner*
Stephen M. Turner, Esq.
DENTONS US LLP
101 JFK Parkway, 4th Floor
Short Hills, NJ 07078
Telephone: (973) 912-7146
Email: stephen.turner@dentons.com

-and-

Kristen C. Rodriguez, Esq. (admission pending)
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 398-5280
Email: kristen.rodriguez@dentons.com

*Attorneys for Petitioner-Defendant Wiland, Inc.*


**TROUTMAN PEPPER HAMILTON SANDER LLP**

*/s/ Angelo A. Stio III*
Angelo A. Stio III
Melissa A. Chuderewicz
Stephanie L. Jonaitis
TROUTMAN PEPPER HAMILTON SANDERS LLP
Suite 400
301 Carnegie Center
Princeton, NJ 08540-6227

Telephone: (609) 951-4125
Email:        angelo.stio@troutman.com
melissa.chuderwicz@troutman.com
stephanie.jonaitis@troutman.com

*Attorneys for Petitioner-Defendants Carco*
*Group, Inc., Intellicorp Records, Inc.*

## CERTIFICATE OF COMPLIANCE

1.      This petition complies with the type-volume limitations of Federal Rule of Appellate Procedure 5(c)(1) because this petition contains 4900 words, excluding the part of the petition exempted by Federal Rules of Appellate Procedure 5(b)(1)(E) and 32(a)(7)(B)(iii).

2.      This petition complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this petition has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

3.      I certify pursuant to Third Circuit Local Appellate Rules 28.3(d) and 46.1(e) that I am a member of good standing of the Bar of this.

4.      I certify pursuant to Third Circuit Local Appellate Rule 31.1(c) that the text of the brief filed electronically is identical to the text in the paper copies of the brief, and that electronic versions of the brief filed on ECF were virus checked using Windows Defender Advanced Threat Protection Antivirus, Version 1.421.581.0 (last update 12/2/2024 at 6:47AM EST) and no virus was detected.

Dated: December 2, 2024                      /s/ Angelo A. Stio III

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the

Court for the United States Court of Appeals for the Third Circuit by using the

appellate CM/ECF system on December 2, 2024.

I further certify that copies of the foregoing were transmitted to all counsel

of record via email and commercial carrier for overnight delivery.

Dated:  December 2, 2024                    /s/ Angelo A. Stio

**ADDENDUM 1**
**TO PETITION FOR LEAVE TO APPEAL**

**LIST OF PETITIONERS-DEFENDANTS**

| | **Case Name and Civil Action No.** | **Petitioners-Defendants** |
|---|---|---|
| 1. | *Atlas Data Privacy Corp., et al v. Blackbaud, Inc., et al.* Civil Action No. 1:24-cv-3993 | Blackbaud, Inc. |
| 2. | *Atlas Data Privacy Corp. et al. v. Whitepages, Inc., et al.* Civil Action No. 1:24-cv-3998 | Whitepages, Inc. |
| 3. | *Atlas Data Privacy Corp., et al v. Hiya, Inc., et al.* Civil Action No. 1:24-cv-4000 | Hiya, Inc. |
| 4. | *Atlas Data Privacy Corp., et al v. Commercial Real Estate Exchange, Inc. et al.* Civil Action No. 1:24-cv-04073 | Commercial Real Estate Exchange, Inc. |
| 5. | *Atlas Data Privacy Corp., et al v. Carco Group, Inc., Intellicorp Records, Inc.* Civil Action No. 1:24-cv-4077 | Carco Group, Inc. Intellicorp Records, Inc. |
| 6. | *Atlas Data Privacy Corp., et al v. 6Sense Insights, Inc., et al.* Civil Action No. 1:24-cv-4104 | 6Sense Insights, Inc. |
| 7. | *Atlas Data Privacy Corp., et al v. Lightbox Parent, L.P., et al.* Civil Action No. 1:24-cv-4105 | Lightbox Parent, L.P. Lightbox Holdings, L.P. |
| 8. | *Atlas Data Privacy Corp., et al v. Search Quarry, Inc., et al.* Civil Action No. 1:24-cv-4106 | Search Quarry, Inc. Search Quarry, LLC |
| 9. | *Atlas Data Privacy Corp., et al v. Acxiom LLC, et al.* Civil Action No. 1:24-cv-4107 | Acxioim LLC |
| 10. | *Atlas Data Privacy Corp., et al v. Enformion, LLC, et al.* Civil Action No. 1:24-cv-04110 | Enformion, LLC Enformion Holdco, Inc. |

|  | **Case Name and Civil Action No.** | **Petitioners-Defendants** |
|---|---|---|
| 11. | *Atlas Data Privacy Corp., et al v. Costar Group, Inc., et al.* Civil Action No. 1:24-cv-04111 | Costar Group, Inc. Costar Realty Information, Inc. Costar Realty Information, Inc. |
| 12. | *Atlas Data Privacy Corp., et al v. Oracle International Corp., et al.* Civil Action No. 1:24-cv-4112 | Oracle International Corp. Oracle America, Inc. Oracle Corp |
| 13. | *Atlas Data Privacy Corp., et al v. Red Violet, Inc., et al.* Civil Action No. 1:24-cv-4113 | Red Violet, Inc. |
| 14. | *Atlas Data Privacy Corp., et al v. RE/MAX, LLC, et al.* Civil Action No. 1:24-cv-4114 | RE/MAX, LLC |
| 15. | *Atlas Data Privacy Corp., et al v. Epsilon Data Management, LLC, et al.* Civil Action No. 1:24-cv-04168 | Epsilon Data Management, LLC Conversant LLC, Citrus Ad International, Inc. |
| 16. | *Atlas Data Privacy Corp., et al v. Data Axle, Inc., et al.* Civil Action No. 1:24-cv-04181 | Data Axle, Inc. |
| 17. | *Atlas Data Privacy Corp., et al v. Remine Inc., et al.* Civil Action No. 1:24-cv-4182 | Remine Inc. |
| 18. | *Atlas Data Privacy Corp., et al v. Teltech Systems, Inc. et al.* Civil Action No. 1:24-cv-4217 | Teltech Systems, Inc. Epic Enterprises, LLC |
| 19. | *Atlas Data Privacy Corp., et al v. PeopleConnect, Inc., et al.* Civil Action No. 1:24-cv-4227 | PeopleConnect, Inc. PeopleConnect Holdings, Inc. Intelius, LLC PeopleConnect Intermediate, LLC |
| 20. | *Atlas Data Privacy Corp., et al v. CoreLogic, Inc., et al.* Civil Action No. 1:24-cv-04230 | Corelogic, Inc. |
| 21. | *Atlas Data Privacy Corp., et al v. Black Knight Inc., et al.* Civil Action No. 1:24-cv-4233 | Black Knight Inc. Black Knight IP Holding Company, LLC Black Knight Technologies, LLC |

| | **Case Name and Civil Action No.** | **Petitioners-Defendants** |
|---|---|---|
| 22. | *Atlas Data Privacy Corp., et al v. Choreograph LLC, et al.* Civil Action No. 1:24-cv-04271 | Choreograph LLC |
| 23. | *Atlas Data Privacy Corp., et al v. TransUnion LLC, et al.* Civil Action No. 1:24-cv-4288 | TransUnion LLC Neustar, Inc. TransUnion Risk and Alternative Data Solutions, Inc. |
| 24. | *Atlas Data Privacy Corp., et al v. Spokeo, Inc., et la.* Civil Action No. 1:24-cv-04299 | Spokeo, Inc. |
| 25. | *Atlas Data Privacy Corp., et al v. Telnyx LLC, et al.* Civil Action No. 1:24-cv-4354 | Telnyx LLC |
| 26. | *Atlas Data Privacy Corp., et al v. Wiland Inc., et al.* Civil Action No. 1:24-cv-4442 | Wiland Inc. |
| 27. | *Atlas Data Privacy Corp., et al v. Atdata LLC, et al.* Civil Action No. 1:24-cv-04447 | Atdata LLC |
| 28. | *Atlas Data Privacy Corp., et al v. Precisely Holdings LLC, et al.* Civil Action No. 1:24-cv-4571 | Precisely Holdings LLC Precisely Software Inc. Precisely Software LTD |
| 29. | *Atlas Data Privacy Corp., et al v. Outside Interactive, Inc., et al.* Civil Action No. 1:24-cv-04676 | Outside Interactive, Inc. |
| 30. | *Atlas Data Privacy Corp., et al v. Valassis Communications, Inc., et al.* Civil Action No. 1:24-cv-4770 | Valassis Communications, Inc. Valassis Digital Corp. Vericast Corp |
| 31. | *Atlas Data Privacy Corp., et al v. The Lifetime Value C O LLC, et al.* Civil Action No. 1:24cv4850 | Beenverified, LLC NeighborWho LLC Ownerly, LLC PeopleLooker, LLC PeopleSmart LLC The Lifetime Value C O LLC The NumberGuru, LLC |
| 32. | *Atlas Data Privacy Corp., et al v. First American Financial Corp., et al.* Civil Action No. 1:24-cv-05334 | First American Financial Corp. |

| | **Case Name and Civil Action No.** | **Petitioners-Defendants** |
|---|---|---|
| 33. | *Atlas Data Privacy Corp., et al. v. LexisNexis Risk Data Management, LLC, et al.* Civil Action No. 1:24-cv-06160 | LexisNexis Risk Data Management, LLC and RELX, Inc. |

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

```
ATLAS DATA PRIVACY              :        CIVIL ACTION
CORPORATION, et al.             :
                                :
          v.                    :
                                :
BLACKBAUD, INC., et al.         :        NO. 24-3993
```

---

```
ATLAS DATA PRIVACY              :        CIVIL ACTION
CORPORATION, et al.             :
                                :
          v.                    :
                                :
WHITEPAGES, INC., et al.        :        NO. 24-3998
```

---

```
ATLAS DATA PRIVACY              :        CIVIL ACTION
CORPORATION, et al.             :
                                :
          v.                    :
                                :
HIYA, INC., et al.              :        NO. 24-4000
```

---

```
ATLAS DATA PRIVACY              :        CIVIL ACTION
CORPORATION, et al.             :
                                :
          v.                    :
                                :
COMMERCIAL REAL ESTATE          :        NO. 24-4073
EXCHANGE, INC., et al.          :
```

---

```
ATLAS DATA PRIVACY              :        CIVIL ACTION
CORPORATION, et al.             :
                                :
          v.                    :
                                :
CARCO GROUP INC., et al.        :        NO. 24-4077
```

---

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TWILIO INC., et al. | : | NO. 24-4095 |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| 6SENSE INSIGHTS, INC., et al. | : | NO. 24-4104 |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LIGHTBOX PARENT, L.P., et al. | : | NO. 24-4105 |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SEARCH QUARRY, LLC, et al. | : | NO. 24-4106 |

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ACXIOM, LLC, et al. | : | NO. 24-4107 |

ATLAS DATA PRIVACY      :       CIVIL ACTION
CORPORATION, et al.      :
                          :
      v.            :
                          :
ENFORMION, LLC, et al.    :       NO. 24-4110

---

ATLAS DATA PRIVACY      :       CIVIL ACTION
CORPORATION, et al.      :
                          :
      v.            :
                          :
COSTAR GROUP, INC., et al.  :       NO. 24-4111

---

ATLAS DATA PRIVACY      :       CIVIL ACTION
CORPORATION, et al.      :
                          :
      v.            :
                          :
ORACLE INTERNATIONAL    :       NO. 24-4112
CORPORATION, et al.      :

---

ATLAS DATA PRIVACY      :       CIVIL ACTION
CORPORATION, et al.      :
                          :
      v.            :
                          :
RED VIOLET, INC., et al.   :       NO. 24-4113

---

ATLAS DATA PRIVACY      :       CIVIL ACTION
CORPORATION, et al.      :
                          :
      v.            :
                          :
RE/MAX, LLC, et al.       :       NO. 24-4114

```
ATLAS DATA PRIVACY              :          CIVIL ACTION
CORPORATION, et al.            :
                               :
         v.                    :
                               :
EPSILON DATA MANAGEMENT, LLC,  :          NO. 24-4168
et al.                         :
```

```
ATLAS DATA PRIVACY              :          CIVIL ACTION
CORPORATION, et al.            :
                               :
         v.                    :
                               :
PEOPLE DATA LABS, INC.,        :          NO. 24-4171
et al.                         :
```

```
ATLAS DATA PRIVACY              :          CIVIL ACTION
CORPORATION, et al.            :
                               :
         v.                    :
                               :
CLARITAS, LLC, et al.          :          NO. 24-4175
```

```
ATLAS DATA PRIVACY              :          CIVIL ACTION
CORPORATION, et al.            :
                               :
         v.                    :
                               :
DATA AXLE, INC., et al.        :          NO. 24-4181
```

```
ATLAS DATA PRIVACY              :          CIVIL ACTION
CORPORATION, et al.            :
                               :
         v.                    :
                               :
REMINE INC., et al.            :          NO. 24-4182
```

```
ATLAS DATA PRIVACY              :         CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :
LUSHA SYSTEMS, INC, et al.      :         NO. 24-4184
```
_____

```
ATLAS DATA PRIVACY              :         CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :
TELTECH SYSTEMS, INC.,          :         NO. 24-4217
et al.                          :
```
_____

```
ATLAS DATA PRIVACY              :         CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :
PEOPLECONNECT, INC., et al.     :         NO. 24-4227
```
_____

```
ATLAS DATA PRIVACY              :         CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :
CORELOGIC, INC., et al.         :         NO. 24-4230
```
_____

```
ATLAS DATA PRIVACY              :         CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :
BLACK KNIGHT TECHNOLOGIES,      :         NO. 24-4233
LLC, et al.                     :
```
_____

```
ATLAS DATA PRIVACY            :        CIVIL ACTION
CORPORATION, et al.           :
                              :
        v.                    :
                              :
THOMSON REUTERS CORPORATION,  :        NO. 24-4269
et al.                        :
_____

ATLAS DATA PRIVACY            :        CIVIL ACTION
CORPORATION, et al.           :
                              :
        v.                    :
                              :
CHOREOGRAPH LLC, et al.       :        NO. 24-4271
_____

ATLAS DATA PRIVACY            :        CIVIL ACTION
CORPORATION, et al.           :
                              :
        v.                    :
                              :
TRANSUNION, LLC., et al.      :        NO. 24-4288
_____

ATLAS DATA PRIVACY            :        CIVIL ACTION
CORPORATION, et al.           :
                              :
        v.                    :
                              :
EQUIFAX INC., et al.          :        NO. 24-4298
_____

ATLAS DATA PRIVACY            :        CIVIL ACTION
CORPORATION, et al.           :
                              :
        V.                    :
                              :
SPOKEO, INC, et al.           :        NO. 24-4299
_____
```

| ATLAS DATA PRIVACY | : | CIVIL ACTION |
|---|---|---|
| CORPORATION, et al. | : | |
| | : | |
| v. | : | |
| | : | |
| TELNYX LLC, et al. | : | NO. 24-4354 |

| ATLAS DATA PRIVACY | : | CIVIL ACTION |
|---|---|---|
| CORPORATION, et al. | : | |
| | : | |
| v. | : | |
| | : | |
| MYHERITAGE, LTD., et al. | : | NO. 24-4392 |

| ATLAS DATA PRIVACY | : | CIVIL ACTION |
|---|---|---|
| CORPORATION, et al. | : | |
| | : | |
| v. | : | |
| | : | |
| WILAND, INC., et al. | : | NO. 24-4442 |

| ATLAS DATA PRIVACY | : | CIVIL ACTION |
|---|---|---|
| CORPORATION, et al. | : | |
| | : | |
| v. | : | |
| | : | |
| ATDATA, LLC, et al. | : | NO. 24-4447 |

| ATLAS DATA PRIVACY | : | CIVIL ACTION |
|---|---|---|
| CORPORATION, et al. | : | |
| | : | |
| v. | : | |
| | : | |
| PRECISELY HOLDINGS, LLC, | : | NO. 24-4571 |
| et al. | : | |

```
ATLAS DATA PRIVACY              :           CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :
OUTSIDE INTERACTIVE, INC.       :           NO. 24-4696
```

```
ATLAS DATA PRIVACY              :           CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :
VALASSIS DIGITAL CORP.,         :           NO. 24-4770
et al.                          :
```

```
ATLAS DATA PRIVACY              :           CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :
THE LIFETIME VALUE CO. LLC,     :           NO. 24-4850
et al.                          :
```

```
ATLAS DATA PRIVACY              :           CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :
FIRST AMERICAN FINANCIAL        :           NO. 24-5334
CORPORATION, et al.             :
```

```
ATLAS DATA PRIVACY              :           CIVIL ACTION
CORPORATION, et al.             :
                                :
        v.                      :
                                :
LEXISNEXIS RISK DATA            :           NO. 24-6160
MANAGEMENT, LLC, et al.         :
```

ORDER

AND NOW, this  20th  day of November 2024, for the
reasons stated in the foregoing Memorandum, it is hereby ORDERED
that:

(1)  the motions of plaintiffs to remand these actions
to the Superior Court of the State of New Jersey are GRANTED
except as stated in paragraph 2 of this order;

(2)  the motions of plaintiffs to remand Atlas Privacy
Corp. v. MyHeritage Ltd., Civil Action No. 24-4392 is DENIED;
and

(3)  MyHeritage (USA), Inc. is DISMISSED as a
defendant in Atlas Privacy Corp. v. MyHeritage Ltd., Civil
Action No. 24-4392.

BY THE COURT:


_____/s/Harvey Bartle III_____
                              J.

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ATLAS DATA PRIVACY          :          CIVIL ACTION
CORPORATION, et al.         :
                            :
        v.                  :
                            :
BLACKBAUD, INC., et al.     :          NO. 24-3993

---

ATLAS DATA PRIVACY          :          CIVIL ACTION
CORPORATION, et al.         :
                            :
        v.                  :
                            :
WHITEPAGES, INC., et al.    :          NO. 24-3998

---

ATLAS DATA PRIVACY          :          CIVIL ACTION
CORPORATION, et al.         :
                            :
        v.                  :
                            :
HIYA, INC., et al.          :          NO. 24-4000

---

ATLAS DATA PRIVACY          :          CIVIL ACTION
CORPORATION, et al.         :
                            :
        v.                  :
                            :
COMMERCIAL REAL ESTATE      :          NO. 24-4073
EXCHANGE, INC., et al.      :

---

ATLAS DATA PRIVACY          :          CIVIL ACTION
CORPORATION, et al.         :
                            :
        v.                  :
                            :
CARCO GROUP INC., et al.    :          NO. 24-4077

---

```
ATLAS DATA PRIVACY            :         CIVIL ACTION
CORPORATION, et al.          :
                             :
        v.                   :
                             :
TWILIO INC., et al.          :         NO. 24-4095
```

```
ATLAS DATA PRIVACY            :         CIVIL ACTION
CORPORATION, et al.          :
                             :
        v.                   :
                             :
6SENSE INSIGHTS, INC.,       :         NO. 24-4104
et al.                       :
```

```
ATLAS DATA PRIVACY            :         CIVIL ACTION
CORPORATION, et al.          :
                             :
        v.                   :
                             :
LIGHTBOX PARENT, L.P.,       :         NO. 24-4105
et al.                       :
```

```
ATLAS DATA PRIVACY            :         CIVIL ACTION
CORPORATION, et al.          :
                             :
        v.                   :
                             :
SEARCH QUARRY, LLC, et al.   :         NO. 24-4106
```

```
ATLAS DATA PRIVACY            :         CIVIL ACTION
CORPORATION, et al.          :
                             :
        v.                   :
                             :
ACXIOM, LLC, et al.          :         NO. 24-4107
```

ATLAS DATA PRIVACY            :            CIVIL ACTION
CORPORATION, et al.          :
                             :
        v.                   :
                             :
ENFORMION, LLC, et al.       :            NO. 24-4110

---

ATLAS DATA PRIVACY            :            CIVIL ACTION
CORPORATION, et al.          :
                             :
        v.                   :
                             :
COSTAR GROUP, INC., et al.   :            NO. 24-4111

---

ATLAS DATA PRIVACY            :            CIVIL ACTION
CORPORATION, et al.          :
                             :
        v.                   :
                             :
ORACLE INTERNATIONAL         :            NO. 24-4112
CORPORATION, et al.          :

---

ATLAS DATA PRIVACY            :            CIVIL ACTION
CORPORATION, et al.          :
                             :
        v.                   :
                             :
RED VIOLET, INC., et al.     :            NO. 24-4113

---

ATLAS DATA PRIVACY            :            CIVIL ACTION
CORPORATION, et al.          :
                             :
        v.                   :
                             :
RE/MAX, LLC, et al.          :            NO. 24-4114

---

| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
|---|---|---|
| | : | |
| | : | |
| v. | : | |
| | : | |
| EPSILON DATA MANAGEMENT, LLC, et al. | : | NO. 24-4168 |

| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
|---|---|---|
| | : | |
| | : | |
| v. | : | |
| | : | |
| PEOPLE DATA LABS, INC., et al. | : | NO. 24-4171 |

| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
|---|---|---|
| | : | |
| | : | |
| v. | : | |
| | : | |
| CLARITAS, LLC, et al. | : | NO. 24-4175 |

| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
|---|---|---|
| | : | |
| | : | |
| v. | : | |
| | : | |
| DATA AXLE, INC., et al. | : | NO. 24-4181 |

| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
|---|---|---|
| | : | |
| | : | |
| v. | : | |
| | : | |
| REMINE INC., et al. | : | NO. 24-4182 |

```
ATLAS DATA PRIVACY            :          CIVIL ACTION
CORPORATION, et al.           :
                              :
              v.              :
                              :
LUSHA SYSTEMS, INC, et al.    :          NO. 24-4184
```
_____

```
ATLAS DATA PRIVACY            :          CIVIL ACTION
CORPORATION, et al.           :
                              :
              v.              :
                              :
TELTECH SYSTEMS, INC.,        :          NO. 24-4217
et al.                        :
```
_____

```
ATLAS DATA PRIVACY            :          CIVIL ACTION
CORPORATION, et al.           :
                              :
              v.              :
                              :
PEOPLECONNECT, INC., et al.   :          NO. 24-4227
```
_____

```
ATLAS DATA PRIVACY            :          CIVIL ACTION
CORPORATION, et al.           :
                              :
              v.              :
                              :
CORELOGIC, INC., et al.       :          NO. 24-4230
```
_____

```
ATLAS DATA PRIVACY            :          CIVIL ACTION
CORPORATION, et al.           :
                              :
              v.              :
                              :
BLACK KNIGHT TECHNOLOGIES,    :          NO. 24-4233
LLC, et al.                   :
```
_____

```
ATLAS DATA PRIVACY                :          CIVIL ACTION
CORPORATION, et al.               :
                                  :
          v.                      :
                                  :
THOMSON REUTERS CORPORATION,      :          NO. 24-4269
et al.                            :
```
_____

```
ATLAS DATA PRIVACY                :          CIVIL ACTION
CORPORATION, et al.               :
                                  :
          v.                      :
                                  :
CHOREOGRAPH LLC, et al.           :          NO. 24-4271
```
_____

```
ATLAS DATA PRIVACY                :          CIVIL ACTION
CORPORATION, et al.               :
                                  :
          v.                      :
                                  :
TRANSUNION, LLC., et al.          :          NO. 24-4288
```
_____

```
ATLAS DATA PRIVACY                :          CIVIL ACTION
CORPORATION, et al.               :
                                  :
          v.                      :
                                  :
EQUIFAX INC., et al.              :          NO. 24-4298
```
_____

```
ATLAS DATA PRIVACY                :          CIVIL ACTION
CORPORATION, et al.               :
                                  :
          V.                      :
                                  :
SPOKEO, INC, et al.               :          NO. 24-4299
```
_____

```
ATLAS DATA PRIVACY                :          CIVIL ACTION
CORPORATION, et al.               :
                                  :
              v.                  :
                                  :
TELNYX LLC, et al.                :          NO. 24-4354
```
_____

```
ATLAS DATA PRIVACY                :          CIVIL ACTION
CORPORATION, et al.               :
                                  :
              v.                  :
                                  :
MYHERITAGE, LTD., et al.          :          NO. 24-4392
```
_____

```
ATLAS DATA PRIVACY                :          CIVIL ACTION
CORPORATION, et al.               :
                                  :
              v.                  :
                                  :
WILAND, INC., et al.              :          NO. 24-4442
```
_____

```
ATLAS DATA PRIVACY                :          CIVIL ACTION
CORPORATION, et al.               :
                                  :
              v.                  :
                                  :
ATDATA, LLC, et al.               :          NO. 24-4447
```
_____

```
ATLAS DATA PRIVACY                :          CIVIL ACTION
CORPORATION, et al.               :
                                  :
              v.                  :
                                  :
PRECISELY HOLDINGS, LLC,          :          NO. 24-4571
et al.                            :
```
_____

```
ATLAS DATA PRIVACY              :           CIVIL ACTION
CORPORATION, et al.             :
                                :
          v.                    :
                                :
OUTSIDE INTERACTIVE, INC.       :           NO. 24-4696
```

---

```
ATLAS DATA PRIVACY              :           CIVIL ACTION
CORPORATION, et al.             :
                                :
          v.                    :
                                :
VALASSIS DIGITAL CORP.,         :           NO. 24-4770
et al.                          :
```

---

```
ATLAS DATA PRIVACY              :           CIVIL ACTION
CORPORATION, et al.             :
                                :
          v.                    :
                                :
THE LIFETIME VALUE CO. LLC,     :           NO. 24-4850
et al.                          :
```

---

```
ATLAS DATA PRIVACY              :           CIVIL ACTION
CORPORATION, et al.             :
                                :
          v.                    :
                                :
FIRST AMERICAN FINANCIAL        :           NO. 24-5334
CORPORATION, et al.             :
```

---

```
ATLAS DATA PRIVACY              :           CIVIL ACTION
CORPORATION, et al.             :
                                :
          v.                    :
                                :
LEXISNEXIS RISK DATA            :           NO. 24-6160
MANAGEMENT, LLC, et al.         :
```

---

MEMORANDUM

Bartle, J.                                    November  20, 2024

Plaintiffs in these forty actions allege violations of a New Jersey statute known as Daniel's Law.[1]

The actions were originally filed in the Superior Court in a number of different counties in New Jersey.  The defendants thereafter removed them to the United States District for the District of New Jersey under 28 U.S.C. §§ 1441 and 1446 on the ground that subject matter jurisdiction exists either under 28 U.S.C. § 1332(a) as a result of complete diversity of citizenship or under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  Defendants assert that plaintiffs have collusively attempted to defeat federal jurisdiction.  In two of the cases, the defendants maintain that plaintiffs' joinder of non-diverse defendants was fraudulent.  Before the court is the consolidated motion of the plaintiffs to remand to the state court under 28 U.S.C. § 1447(c) on the ground that this court lacks subject matter jurisdiction.[2]

---

[1].    Daniel's Law as amended is codified as follows: N.J. Stat. Ann. §§ 2C:20-31.1, 17:46B-1.1, 19:31-18:1, 46:26A-12, 47:1-17, 47:1A-1.1, 47:1A-5, 47:1B-1, 47:1B-2, 47:1B-3, 47:1B-4, 56:8-166.1, 56:8-166.3.

[2].    All judges in the District of New Jersey have recused.  The Chief Judge of the United States Court of Appeals for the Third Circuit reassigned these and all related actions to the undersigned pursuant to 28 U.S.C. § 292(b).

Daniel's Law provides that New Jersey judges, prosecutors, law enforcement officers, and their immediate families ("covered persons") may request that persons and businesses ("entities") not disclose or make available their home addresses or unlisted telephone numbers.  See, e.g., N.J. Stat. Ann. § 56:8-166.1(d).  These entities are in violation of Daniel's Law if they fail to take down this information within ten business days after receiving a written takedown request. N.J. Stat. Ann. § 56:8-166.1(a).  Daniel's Law provides a private right of action for damages and injunctive relief not only for covered persons but also for their assignees.  N.J. Stat. Ann. § 56:8-166.1(b)-(c).  Under Daniel's Law, "'assignee' means a person or entity to whom or which an authorized person has assigned, in writing, a covered person's right to bring a civil action for" Daniel's Law violations.  N.J. Stat. Ann. § 56:8-166.1(d).

Plaintiffs in all of the actions are Atlas Data Privacy Corporation ("Atlas"), Jane Doe-1, Jane Doe-2, Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev, and William Sullivan.  Atlas, a Delaware corporation with its principal place of business in New Jersey, has filed suit as the assignee of the Daniel's Law claims of over 19,000 New Jersey covered persons.  The named individual plaintiffs, all current or former law enforcement officers, are

also citizens of New Jersey.  They have brought their own claims
for violations of Daniel's Law.  In each of these forty cases,
there is a named defendant which, like Atlas, is a citizen of
Delaware.

Upon the filing of the motions to remand, the court
authorized limited discovery on the issue of subject matter
jurisdiction.  E.g., Order, Atlas Data Privacy Corp. v.
Blackbaud, Inc., Civil Action No. 24-3993, (D.N.J. July 24,
2024), ECF No. 53.

I

Atlas provides a range of services for persons covered
under Daniel's Law who sign up for Atlas's platform ("users").
Before a Daniel's Law claim ever arises, Atlas monitors the
internet for data brokers who are potentially disclosing the
users' home addresses and unlisted telephone numbers.  Atlas
then identifies those data brokers for its users.  Additionally,
Atlas provides each user with an individual e-mail address, from
which the user may request that the data brokers remove his or
her personal information.  To do so, users may send either the
form e-mail that Atlas provides or their own personalized e-
mail.  Atlas then schedules the delivery dates of the takedown
notices.  After takedown notices are sent, Atlas continues to
monitor the recipients to see if they have complied with the
requests.

Upon signing up for Atlas's platform, users agree to Atlas's terms of service ("the terms").  In so doing, users agree that "upon written notice from Atlas," the users assign their "right to bring civil enforcement actions for violations of [their] rights under" Daniel's Law.  The terms further state that, upon receipt of this written notice, a user is "deemed . . . to have irrevocably assigned to [Atlas] all of [the user's] rights to bring a claim (and seek damages, other legal remedies, and fees, costs, and litigation expenses) for violations of [the user's] rights under" Daniel's law, and "following such assignment, [Atlas] will have the exclusive right to bring such civil enforcement actions . . . ."

Atlas has discretion whether to take an assignment.  Atlas may choose to send an assignment confirmation and litigate the Daniel's Law claim itself, or it may choose not to send a confirmation, in which case the users may litigate their own claims.  In either case, the terms provide that Atlas will keep 35% of any recovery from the action with the user receiving the remaining 65%.  Users also pay a subscription fee, whether or not a Daniel's Law claim arises.

In early February 2024, following an alleged failure of the defendants to comply with users' takedown requests, Atlas sent assignment confirmations to over 19,000 of its users.

Shortly thereafter, it filed lawsuits on these assigned claims in the state court.

## II

Plaintiffs first contend that remand is required because complete diversity of citizenship has not been satisfied under 28 U.S.C. § 1332(a). The statute requires that the citizenship of each plaintiff must be different from the citizenship of each defendant.[3] Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553-54 (2005); see also Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267 (1806). A corporation is deemed a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c). A limited liability company ("LLC") takes on the citizenship of each of its members. See Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010).

It is undisputed that Atlas is a citizen of Delaware, as is at least one defendant in all these cases. Thus, at first glance, it appears that complete diversity is absent under § 1332(a).

The defendants, as the party asserting jurisdiction, bear the burden of establishing that federal jurisdiction exists. Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392,

---

3. Defendants do not dispute that plaintiffs have satisfied the required amounts in controversy under § 1332(a).

396 (3d Cir. 2004).  All doubts must be resolved in favor of remand.  Id. at 403.

The defendants first maintain that diversity jurisdiction is lacking because Atlas as an assignee is not a real party in interest and accordingly its citizenship should be disregarded.  The real parties in interest, defendants contend, are the users as assignors.  If defendants are correct, there will be complete diversity since the assignors as well as the individual named plaintiffs are all citizens of New Jersey while no defendant is a citizen of this state.

Rule 17(a) of the Federal Rules of Civil Procedure requires an action to be prosecuted in the name of the real party in interest.  Fed. R. Civ. P. 17(a).  The citizenship of the real party in interest, rather than that of mere nominal parties, governs whether diversity jurisdiction exists.  See Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 460 (1980).  As explained in Cranpark, Inc. v. Rogers Grp., Inc., "the real party in interest is the person who is entitled to enforce the right asserted under the governing substantive law."  821 F.3d 723, 730 (6th Cir. 2016) (quoting Certain Interested Underwriters at Lloyd's London, Eng. v. Layne, 26 F.3d 39, 42-43 (6th Cir. 1994); see also Katzovicz v. HIH Logistics, Inc., No. 21-4535, 2021 WL 3038816, at *2 (D.N.J. July 19, 2021).

The plaintiffs rely on the Supreme Court's decision in
Sprint Communications Co., L.P. v. APCC Services Inc., 554 U.S.
269 (2008) to support their position that this court should look
to the citizenship of Atlas as the real party in interest.  In
Sprint, roughly 1,400 payphone operators assigned the entirety
of their small claims against long-distance communications
carriers to "aggregators," which then brought suit in their own
names under the federal Communications Act of 1934 to collect
what was due.  Sprint, 554 U.S. at 271-72.  In the assignments,
the operators transferred to the aggregators the legal title to
their claims.  Id. at 272.  In a separate agreement, the
aggregators promised to remit all proceeds recovered to the
assignor-operators, which would in turn pay a service fee to the
aggregators.  Id.  The Court observed:

> Because litigation is expensive, because the
> evidentiary demands of a single suit are often great,
> and because the resulting monetary recovery is often
> small, many payphone operators assign their . . .
> claims to billing and collection firms called
> 'aggregators' so that, in effect, these aggregators
> can bring suit on their behalf.

Id. at 271-72.

The defendants there argued that only the assignors
had standing to sue.  Id. at 274.  The Supreme Court disagreed.
The Court reiterated the well-established standard for standing:
(1) there must be an injury in fact, that is a concrete and
particularized invasion of a legally protected interest; (2)

there must be causation, that is a fairly traceable causation
between the injury in fact and the conduct of defendant; and (3)
it is likely that plaintiff's injury will be remedied by the
relief plaintiff seeks.  Id. at 273.  The Court held that the
aggregators, as the absolute assignees of the claims, had
standing under these criteria and could bring suit in the
federal court in their own names.  Id. at 285.

It makes no difference, the Court noted, what the
assignees do with the money after a victory in court or after
settlement.  Id. at 279-81.  For purposes of standing, it does
not matter whether the assignees remit the money to the
operators, donate it to charity, or build a new corporate
headquarters.  Even if the assignees return all of the money to
the assignors, the assignees are no different than trustees,
guardians, executors, or bankruptcy receivers who seek relief
not for themselves but for others.  See id. at 287-88.

The defendants here attempt to distinguish Sprint on
the ground that it was a federal question case and that the
Supreme Court ruled only on the issue of standing.  The specific
question, defendants argue, is whether there is diversity
jurisdiction and whether Atlas is a real party in interest.

The Supreme Court in deciding the issue of standing in
Sprint relied on Waite v. City of Santa Cruz, 184 U.S. 302
(1902), one of its own precedents and a diversity case.  That

case explained that assignments do not defeat jurisdiction "if the only objection to the jurisdiction of the Circuit Court is that the . . . [assignee] was invested with legal title to the bonds and coupons simply for purposes of collection."[4]  Sprint, 554 U.S. at 283 (quoting Waite, 184 U.S. at 325).

The Supreme Court in Sprint also surveyed the history of state court cases allowing assignees to sue in their own names.  It stated: "During [the 19th] century American law at the state level became less formalistic through its merger of law and equity, through statutes more generously permitting an assignor to pass legal title to an assignee, and through the adoption of rules that permitted any 'real party in interest' to bring suit."  Id. at 279 (emphasis added).  The Court took the trouble to list in an Appendix those state cases which allow assignees to sue.  See id. at 292-93.  It pointed out that some specifically referred to the assignee as a real party in interest.  See, e.g., Allen v. Brown, 44 N.Y. 228, 231, 234 (1870); Jackson v. Hamm, 23 P. 88, 88-89 (Colo. 1890); McDaniel v. Pressler, 29 P. 209, 210 (Wash. 1892); Cox's Ex'rs v.

---

4.  The Supreme Court in Waite ultimately held there was no subject matter jurisdiction because the amount in controversy had not been satisfied by the individual assignments.  184 U.S. at 328-29.  All parties agree that the requisite amounts in controversy in the pending cases here have been met under 28 U.S.C. § 1332(a).

Crockett & Co., 22 S.E. 840, 843 (Va. 1895); Chase v. Dodge, 86
N.W. 548, 549 (Wis. 1901). The Supreme Court found this history
and these precedents among others to be "well nigh conclusive."
Sprint, 554 U.S at 285 (quoting Vt. Agency of Nat. Res. v.
United States ex. rel. Stevens, 529 U.S. 705, 777-78 (2000).[5]

The Supreme Court treated standing to sue and the real
party in interest as synonymous, at least in the present
context. See id. at 279-85. As in Sprint, Atlas has an
absolute assignment of the rights of 19,000 of Atlas's users.
As in Sprint, the assignments of Daniel's Law claims will
facilitate the vindication of the rights originally possessed by
the assignors. Under the terms of service and upon receipt of
Atlas's assignment confirmations, Atlas was "irrevocably
assigned" the users' rights to "bring a claim []and seek damages
[or] other legal remedies" and has "the exclusive right to bring
. . . civil enforcement actions." While Atlas intends to return
to the assignors much but not all of what it collects, it does
not matter for jurisdictional purposes what Atlas does with the
money once it is collected.

Atlas, as the assignee, is the real party in interest
and has standing to sue. Its citizenship, not that of the

---

5. The Court noted at the end of its opinion in Sprint that
none of the parties had alleged that the assignments were made
in bad faith. The Court also noted that the assignments were
made "for ordinary business purposes." 554 U.S. at 292.

assignors, is determinative.  Because Atlas is a citizen of
Delaware, complete diversity of citizenship under § 1332(a) is
lacking in all these cases absent proof of collusion to destroy
diversity or proof of fraudulent joinder.

III

Defendants argue that even if Atlas is a real party in
interest, the assignments and the joinder of Atlas as a
plaintiff were collusive.  If so, diversity of citizenship
exists under 28 U.S.C. § 1332(a).

As background, the court begins with 28 U.S.C. § 1359,
which provides that "[a] district court shall not have
jurisdiction of a civil action in which any party, by assignment
or otherwise, has been improperly or collusively made or joined
to invoke the jurisdiction of such court."  The Supreme Court in
Kramer v. Caribbean Mills, Ltd., 394 U.S. 823 (1969) faced the
question whether an assignment was collusive under § 1359.  The
inquiry is a factual one.  In Kramer, a single Panamanian
corporation assigned its contract claim against a Haitian
corporation to a Texas attorney.  394 U.S. at 824.  The
attorney, who had a "total lack of previous connection with the
matter," paid only $1 as consideration for the assignment and
agreed to remit 95% of any recovery back to the Panamanian
corporation.  Id. at 824, 827.  Without the assignment, there

would be no diversity jurisdiction since both corporations were foreign entities.  See 28 U.S.C. § 1332(a).

The issue of collusion, the Court explained, is a matter of federal law as collusion affects subject matter jurisdiction.  The legality of the assignment under state law is not a relevant consideration for this purpose.  Kramer, 394 U.S. at 829.  The Court found that the assignment was improperly or collusively made within the meaning of § 1359 and as a result, diversity jurisdiction was not made out.  Id. at 828, 830.  It grounded its decision on the assignee's lack of prior connection to the matter, his lack of substantial interest in the litigation, and his candid admission that the assignment was "in substantial part motivated by a desire" to create diversity jurisdiction.  Id. at 827-28.

Here, the situation is the reverse of what the Supreme Court dealt with in Kramer.  The defendants contend that Atlas was collusively joined not to get into federal court but to stay out of federal court.  No statute has been cited which deals with efforts to avoid federal jurisdiction.  Nonetheless, taking their cue from § 1359 and Kramer, courts have treated diversity-destroying assignments and diversity-creating assignments similarly for jurisdictional purposes.  See, e.g., Grassi v. Ciba-Geigy, Ltd., 894 F.2d 181, 186 (5th Cir. 1990); Att'ys Trust v. Videotape Comput. Prods., Inc., 93 F.3d 593, 597-98

(9th Cir. 1996); <u>Gentle v. Lamb-Weston, Inc.</u>, 302 F. Supp. 161, 164-65 (D. Me. 1969).

      The Fifth Circuit in <u>Grassi v. Ciba-Geigy, Ltd.</u>, for example, held that a plaintiff was collusively joined to avoid federal jurisdiction.  894 F.2d at 186.  There, a Texas family had filed a collection action in state court against a Swiss corporation.  <u>Id.</u> at 182.  On the same day, the family also assigned 2% of its interest in the claim to a Costa-Rican corporation, which had previously had no involvement in the matter.  <u>Id.</u>  The Costa Rican corporation provided only "investigative and collection work" as consideration for the assignment, and the family controlled the litigation throughout. <u>Id.</u>  Although the addition of the Costa Rican corporation would destroy complete diversity,[6] the Swiss corporation nevertheless removed the case to federal court on the ground that the joinder of the Costa Rican corporation was collusive.  <u>Id.</u>  The Court of Appeals agreed.  It found that the "overriding motive" behind the assignment was a desire to prevent federal diversity jurisdiction and accordingly refused to remand the action to state court.  <u>Id.</u> at 186.  As evidence for its finding, the court pointed to the assignee's lack of prior connection to the

---

6.   In the Fifth Circuit, "there is no diversity where there are foreign parties on both sides" absent collusion.  <u>Grassi</u>, 894 F.2d at 182.

matter, the lack of meaningful consideration, its minimal 2%
interest in the litigation, and the family-assignor's control of
the litigation.  Id.[7]

     As noted, whether a party is collusively joined either
to evoke or destroy federal diversity jurisdiction is a question
of fact for the court.  While the cases consider various factors
as an aid in making this decision, the court must ultimately
decide based on the particular facts before it the underlying
motive or purpose for the joinder or the assignments.  In sum,
the court must ascertain what was really going on.

     The facts and circumstances in the pending cases are
quite different from those in any other case called to the
court's attention.  At the outset, the New Jersey Legislature
authorized the assignment of claims to aid in the enforcement of
Daniel's Law.  As counsel readily admitted at oral argument, it
is highly unlikely that even a single member of the General
Assembly or the Senate of New Jersey had in mind the avoidance
of federal diversity jurisdiction when the votes were cast to

---

7.  Defendants urge the court to consider Attorneys Trust v.
Videotape Computer Products, Inc. because that case lists motive
as only one factor in assessing diversity-destroying
assignments.  93 F.3d 593, 597 (9th Cir. 1996).  That case
involved unusual circumstances, in which the assignees brought
suit in federal court in the first instance and then challenged
jurisdiction only after an adverse judgment was entered.  Id. at
594.  In any event, Attorneys Trust predates Sprint, and it is
not controlling here.

approve assignments.  Nor is there any evidence that Atlas or its users in making the assignments had in mind a desire to gain an advantage by having the assigned claims tried in the Superior Court of New Jersey rather than in the United States District Court for the District of New Jersey.

Defendants argue that Atlas and the Union representing police officers in New Jersey colluded to avoid federal diversity jurisdiction.  While there is evidence that the New Jersey State Policemen's Benevolent Association representing some 33,000 active law enforcement officers did work with Atlas to create assignments from its members, there is no evidence that the question of federal subject matter jurisdiction played any role.

In addition, the assignments here are not being made with respect to a single action or to a limited number of actions where the assignee has a small monetary interest in the outcome.  The assignments to Atlas are absolute.  Atlas controls the litigation.  It has a significant stake in the outcome and will retain for itself 35% of what it collects.  Furthermore, there are thousands of assignments and dozens of defendants. Although Atlas is a citizen of Delaware and New Jersey, it cannot avoid removal to federal court of any of its many lawsuits where the defendants are citizens of other states.  In fact, this court has before it approximately three dozen other

actions originally filed by Atlas as assignee under Daniel's Law in the state court where the defendants are not citizens of Delaware or New Jersey and thus complete diversity exists. They have been removed and no remand motions are pending. It is not reasonable to infer that Atlas or its users were engaged in collusive assignments or joinder when there are so many diverse defendants which possess information protected under Daniel's Law.

Defendants in support of their collusion argument point to the short timeframe between the assignment of claims and the filing of the lawsuits. This factor is of no consequence here. The amendment to Daniel's Law allowing assignments was enacted on July 20, 2023. See 2023 N.J. Laws ch. 113. Atlas and covered persons promptly took advantage of the amendment as was their right once alleged violations of Daniel's Law had occurred. Atlas obtained absolute assignments and stood fully in the shoes of the assignors. In return for consideration, the assignors no longer had any claims under Daniel's Law. Atlas succeeded to the assignors' rights to bring civil actions. See N.J. Stat. Ann. § 56:8-166.1(d). Atlas, as any claimant would, then filed lawsuits sooner rather than later. It was the decision of Atlas, not that of the assignors. That Atlas and its users moved swiftly to effect the assignments

and Atlas then speedily sued does not create an inference that collusion to avoid federal jurisdiction was afoot.

There are sound legal and business reasons unrelated to federal diversity jurisdiction for the assignments in question and for the joinder of Atlas as a plaintiff.  The court finds there was good faith and no collusion or improper motive or purpose.  Accordingly, defendants have not established the existence of diversity of citizenship under 28 U.S.C. § 1332(a) based on collusion of Atlas, its assignors, or anyone else.

IV

Defendants in two of these forty actions filed notices of removal from the Superior Court of New Jersey on the additional ground that plaintiffs fraudulently joined non-diverse defendants whose presence would destroy complete diversity of citizenship between plaintiffs and the remaining defendants.

The first action is Atlas Data Privacy Corp. v. Thomson Reuters Corp., Civil Action No. 24-4269 (D.N.J. filed Mar. 27, 2024).  There the named defendants are Thomson Reuters Corporation, Thomson Reuters Holdings Inc. ("Holdings"), Thomas Reuters Canada Limited, and Thomson Reuters Applications Inc. ("Applications").  Plaintiff Atlas, a corporation, is a citizen of both Delaware and New Jersey.  The defendants Thomson Reuters Corporation and Thomson Reuters Canada Limited have citizenship

which is diverse from all named plaintiffs.  However, Holdings
is a citizen of Delaware and New York, and Applications is a
citizen of Delaware and Minnesota.  The citizenship of these two
defendants destroys subject matter jurisdiction under 28 U.S.C.
§ 1332(a) unless they are improperly joined.

The complaint describes Holdings and Applications in
the same way as entities which disclose or redisclose on the
internet or otherwise make available the home addresses and/or
unpublished home telephone numbers of covered persons.  See
Compl. ¶¶ 39, 40.  The complaint thereafter alleges that
"Defendants offer and engage in the disclosure of data and
information through one or more websites or applications, or
otherwise in New Jersey, and to businesses and individuals who
operate or reside in New Jersey.  Those websites include:
thomsonreuters.com."  See Compl. ¶ 42.

Accompanying the notice of removal was a Declaration
of Heather O'Hagan, the "Head of Tax, Canada & LatAm at Thomson
Reuters."  She makes the declaration on the "personal knowledge
of Thomson Reuters Corporation, and its subsidiaries, as well as
[her] review of Thomson Reuters business records and the
Complaint in this case."  In her declaration, she simply states
that the website "thomsonreuters.com" is "not owned by or
registered to [Holdings] or [Applications]."

The second action is <u>Atlas Data Privacy Corp. v.
MyHeritage Ltd.</u>, Civil Action No. 24-4392 (D.N.J. filed Mar. 28,
2024).  There the named defendants are MyHeritage Ltd. and
MyHeritage (USA), Inc.  MyHeritage Ltd. is incorporated and has
its principal place of business in Israel.  MyHeritage (USA),
like plaintiff Atlas, is incorporated in Delaware.  If
MyHeritage (USA) is a proper defendant, complete diversity is
absent.  The complaint avers identical claims against both
defendants.  Each is characterized as "an entity that discloses
or re-discloses on the Internet or otherwise makes available the
home addresses and/or unpublished home telephone numbers of
covered persons."  <u>See</u> Compl. ¶¶ 36, 37.  The complaint further
alleges: "Defendants offer and engage in the disclosure of data
and information through one or more websites or applications, or
otherwise in New Jersey, and to businesses and individuals who
operate or reside in New Jersey.  Those websites include:
myheritage.com."  <u>See</u> Compl. ¶ 39.

        In the <u>MyHeritage</u> action, Michael Stangel, the General
Manager for MyHeritage (USA), filed a declaration based on his
personal knowledge and his review and knowledge of the business
records of MyHeritage (USA).  The declaration states that
MyHeritage (USA) does not "own, control, or otherwise operate
www.myheritage.com" and does not have access to its e-mail
inbox.  It does not have a role in deciding what information is

available on www.myheritage.com and cannot remove any
information on that website.  It does not have access to or
otherwise interact with www.myheritage.com.  MyHeritage (USA)
has its own website, www.geni.com, which is not referenced in
the complaint.

Our Court of Appeals in Batoff v. State Farm Insurance
Co., has explained that joinder is fraudulent "where there is no
reasonable basis in fact or colorable ground supporting the
claim against the joined defendant, or no real intention in good
faith to prosecute the action against the defendant[] or seek a
joint judgment" 977 F.2d 848, 851 (3d Cir. 1992)(quoting Boyer
v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)).  The
court must not treat the issue of fraudulent joinder as it would
a motion to dismiss for failure to state a claim under Rule
12(b)(6) of the Federal Rules of Civil Procedure.  Whether a
plaintiff's claim against a defendant lacks merit as a matter of
law is not the relevant consideration.  Instead, the issue is
whether the claim is "wholly insubstantial and frivolous."
Batoff, 977 F.2d at 852.  The heavy burden of persuasion rests
on the party asserting fraudulent joinder.  Id. at 851.

The court must accept all well-pleaded facts as true.
Id. at 851-52.  Nonetheless, it may venture outside the four
corners of the pleading, not to decide the case on the merits,
but to determine if fraudulent joinder exists.  In Abels v.

State Farm Fire & Casualty Co., our Court of Appeals explained that a court "must look beyond the face of the complaint for indicia of fraudulent joinder." 770 F.2d 26, 29 (1985). Likewise, in Boyer v. Snap-On Tools Corp., the Court cited with approval Smoot v. Chicago, Rock Island & Pacific Railroad Co., 378 F.2d 879 (10th Cir. 1967). Boyer, 913 F.2d at 112. In Smoot, the court looked beyond the complaint and accepted an affidavit of a non-diverse defendant alleged to have been a railroad employee culpable for a fatal accident at a railroad crossing. 378 F.2d at 882. The affidavit declared he had discontinued his employment with the railroad fifteen months before the accident. Id. at 881. Smoot held that he had been fraudulently joined. Id. at 882.

More recently, our Court of Appeals in In Re Briscoe reaffirmed the principle that a court may look beyond the pleading to decide the issue of fraudulent joinder. 448 F.3d 201, 219 (3d Cir. 2006). There the specific issue was whether the statute of limitations had run. The court opined, "we see no reason to preclude a district court from a limited consideration of reliable evidence that the defendant may proffer to support the removal." Id. at 220.

In the Reuters action, the declaration is quite narrow. It merely states that the website thomsonreuters.com is not "owned or registered" to Holdings or Applications. This is

a far cry from total disassociation from that website.  The
party asserting fraudulent joinder, as noted above, has the
burden of proof.  After review of the allegations in the
complaint and the relevant facts presented outside the
complaint, defendants Holdings and Applications have not met
their burden.  Their position that they were fraudulently joined
in Civil Action No. 24-4269 fails.  Thus, subject matter
jurisdiction under § 1332(a) is lacking as Holdings and
Applications, like Atlas, are citizens of Delaware.

     The situation is far different in MyHeritage.  In
contrast to the declaration in Reuters, the declaration in
MyHeritage is all-encompassing.  It states that MyHeritage (USA)
does not own, control, or otherwise operate www.myheritage.com,
the website referenced in the complaint.  MyHeritage (USA) has
no role in deciding what information is available on that
website and has no ability to remove information.  Plaintiffs
had the opportunity to take relevant discovery on subject matter
jurisdiction pursuant to court order but did not do so on the
issue of fraudulent joinder.  See Order, Atlas Data Privacy
Corp. v. MyHeritage LTD, Civil Action No. 24-4392 (D.N.J. July
24, 2024), ECF No. 34.  The declaration stands uncontested.

     The undisputed facts before the court establish that
plaintiffs have no colorable claim against MyHeritage (USA).
The claim is wholly unsubstantiated and frivolous.  MyHeritage

(USA) has no involvement whatsoever with the website in issue. It is a total stranger to any alleged violation of Daniel's Law. The situation here is quite similar to that in <u>Smoot</u>, where the non-diverse defendant was no longer employed by the railroad at the time of the accident and therefore could not possibly have been found liable.

MyHeritage (USA) has established that it was fraudulently joined and will be dismissed. There is complete diversity under 28 U.S.C. § 1332(a) in Civil Action No. 24-4392.

V

Defendants urge that the jurisdictional requirements have been met for a class action under the Class Action Fairness Act, ("CAFA") 28 U.S.C. § 1332(d)(1)-(10). In contrast to § 1332(a) but consistent with Article III of the Constitution, CAFA requires only minimal diversity. <u>See</u> 28 U.S.C. § 1332(d)(2); <u>State Farm Fire & Cas. Co. v. Tashire</u>, 386 U.S. 523, 531 (1967). This element is satisfied, as it is here, if any member of the class is a citizen of a state different from any defendant. For CAFA class action status, there must also be a total amount in controversy in excess of $5,000,000. No party raises a challenge on this basis.

The only contested issue is whether these actions meet the definition of a "class action" under § 1332(d)(1)(B). Under this subsection, "the term 'class action' means any civil action

filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).  Defendants contend that these actions are "class actions in disguise" or "alternatively that they were filed under Daniel's Law which is similar to Rule 23 in every relevant respect."

First, these are not class actions in disguise.  It is pellucid that none of them was brought either explicitly, implicitly, or obliquely under Rule 4:32-1 of the New Jersey Rules of Court, which contains the requirements for maintaining a class action.  The New Jersey Rule is in all material respect similar to Rule 23.  Nowhere do the plaintiffs in the words of the Rule or otherwise purport to "sue or be sued as representative parties on behalf of" any other persons.  See N.J. Ct. R. 4:32-1(a).  Plaintiffs are acting on behalf of themselves.  As noted, the assignments that Atlas has obtained from its users are absolute.  Atlas was "irrevocably assigned" the users' rights "to bring a claim []and seek damages [or] other legal remedies" and has "the exclusive right to bring such civil enforcement actions."  Under Daniel's Law, an assignee is a person or entity who has been assigned the covered person's right to bring a civil action.  See N.J. Stat. Ann. § 56:18-166.1(d).  As explained in Sprint, what Atlas as the assignee

does with what it may collect is of no concern to the court in
these actions.  Sprint, 554 U.S. at 279-81.  In a class action,
of course, it is of great concern what happens to what the class
representative obtains on behalf of the class.  The court in
such actions must review the adequacy of any settlement and take
steps to ensure the proper distribution of any judgment or
settlement.  These actions as pleaded here bear no resemblance
to a class action under Rule 4:32-1 of the New Jersey Rules of
Court.

Defendants argue in the alternative that Daniel's Law
is a statute similar to Rule 23.  This argument seems a little
like trying to fit a round peg into a square hole.  To begin,
there is no representative party provision.  Under Daniel's Law,
covered persons or assignees sue in their own names and not on
behalf of anyone else.  Daniel's Law treats an absolute assignee
such as Atlas as a real party in interest.  The claims of Atlas
belong to Atlas and Atlas alone.  Assignees are not acting on
behalf of the assignors.

Moreover, Daniel's Law contains no numerosity
threshold.  This is a sine qua non for class actions of all
stripes.  Daniel's Law clearly permits a lawsuit by a single
covered person or by an assignee of a single covered person.

The court need not make a detailed comparison between
Daniel's Law and the other characteristics for a class action

such as commonality, typically, adequacy, and notice.  In short, Daniel's Law contains no such provisions.  Defendants' entire argument rests on the premise that the assignments were partial and consequently Atlas is representing the interests of assignors in these lawsuits.  This is simply incorrect.  As explained previously, these assignments are absolute and Atlas succeeds absolutely to the rights of the covered persons to bring suit.

Our Court of Appeals addressed the class action provision of CAFA in Erie Insurance Exchange v. Erie Indemnity Co., 722 F.3d 154 (3d Cir. 2013) and Erie Insurance Exchange by Stephenson v. Erie Indemnity Co., 68 F.4th 815 (3d Cir. 2023) ("Erie Insurance I" and "Erie Insurance II").  An unincorporated insurance exchange brought suit in its own name for breach of fiduciary duty, purporting to seek relief "on behalf of its members."  Erie Insurance I, 722 F.3d at 157.  The exchange brought its suit pursuant to two Pennsylvania procedural rules, both of which addressed primarily whether the exchange could bring its suit under its own name or under the name of its members.  Erie Insurance II, 68 F.4th at 818; see also Pa. R.R. Civ. P. 2152, 2177.

The court rejected the defendant's position that the case was "in substance a class action insofar as [the exchange was] a stand-in for a class of" its members because the state

procedural rules under which the actions were brought

"contain[ed] none of the defining characteristics of Rule 23."

Erie Insurance I, 722 F.3d at 158-59.  The court noted that the

rules contained no class certification mechanisms as in Rule

23(c)(1), no numerosity or commonality requirements as in Rule

23(a)-(b), no provisions addressing notice that must be given to

"class members" as in Rule 23(c)(2), or any provisions for

opting out or appointing a class representative.  Id. at 159.

      The circumstances here are similar to the

circumstances in both Erie cases.  Again, these forty actions

bear no similarity to class actions under CAFA.

      Accordingly, this court does not have subject matter

jurisdiction under the class action provisions of CAFA, 28

U.S.C. § 1332(d)(1)-(10).

VI

      Finally, defendants assert that subject matter

jurisdiction exists, regardless of the citizenship of Atlas,

under the "mass action" provisions of the Class Action Fairness

Act, 28 U.S.C. § 1332(d)(11).  As with a CAFA class action, only

minimal diversity is required.  Jurisdiction exists if any

plaintiff has different citizenship from any defendant.  It is

undisputed that minimal diversity is satisfied in all pending

cases.

A mass action is a civil action "in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that plaintiffs' claims involve common questions of law or fact. . . ."  28 U.S.C. § 1332(d)(11)(B)(i). The aggregate amount in controversy must be at least $5,000,000, and the claims of each plaintiff must exceed $75,000 exclusive of interest and costs.  Id.  The parties are in accord that the requisite amounts in controversy have been satisfied.  Instead, plaintiffs contend that mass action status fails because there are not 100 named plaintiffs in any of the complaints.  Only Atlas and the six individuals are listed.

The plaintiffs cite the decision of the Supreme Court in Mississippi ex rel. Hood v. AU Optronics Corp., 571 U.S. 161 (2014) as controlling.  In Hood, the State of Mississippi brought an action in the state court in which it claimed that defendants, manufacturers and sellers of liquid crystal display panels, had formed a cartel to restrict competition and raise prices.  571 U.S. at 166.  The State, the only named plaintiff, sought restitution and injunctive relief on behalf of itself and its citizens based on injuries they all suffered as purchasers. Id.  The citizens who were harmed were not named in the complaint.

The defendants removed the action to the federal court on the ground that it was either a class action or mass action

under CAFA.  Id. at 166.  The Supreme Court had before it the question whether a mass action included lawsuits "brought by fewer than 100 named plaintiffs."  Id. 168-69.  The Court held unanimously that a mass action cannot exist with fewer than 100 named plaintiffs even if there were 100 or more unnamed persons who were real parties in interest as beneficiaries.  Id. at 175. The Court reached its conclusion based solely on its construction of CAFA.  It reasoned that CAFA explicitly requires "100 or more persons" in a mass action, not "100 or more named or unnamed real parties in interest."  Id. at 169.  The Supreme Court read "100 or more persons" to mean 100 or more plaintiffs. See id. at 176.  A plaintiff is a party who brings a civil suit. Id. at 162.

The Court referenced that CAFA provides that the term "class members" means "the persons (named and unnamed) who fall within the definition of the proposed or certified class."  Id. at 169; see also 28 U.S.C. § 1332(d)(1)(D).  In contrast, there is no reference to unnamed persons in a mass action.  The Court observed that if Congress had wanted to include unnamed persons in the calculus, it knows how to say so.  Hood, 571 U.S. at 169. The Court also rejected a real party in interest analysis. While relevant in other contexts, it is not germane to deciding whether a lawsuit constitutes a mass action.  Id. at 174, 176.

The defendants here emphasize that <u>Hood</u> was a <u>parens patriae</u> action where it was not possible to determine the identity of the citizens of Mississippi who were harmed.  They argue that the pending cases under Daniel's Law are different because the 19,000 unnamed covered persons are actually known.  Defendants point to a part of the Supreme Court's opinion which discusses how difficult it would be in that case to identify "a majority of plaintiffs" to meet the requirements for the transfer of the action to another court under § 1332(d)(11)(C)(i) if they were not named in the complaint.  <u>See</u> <u>id.</u> at 173.  This problem, defendants contend, does not exist here.  While the Supreme Court does talk about the problem of applying the transfer provision if unknown citizens of Mississippi are deemed plaintiffs, its discussion of this subject is not critical to its holding.  It simply refers to this difficulty as <u>reinforcing</u> – not as essential to – its construction of the mass action provision of CAFA.  <u>See</u> <u>id.</u>

Even if the 19,000 unnamed covered persons are real parties in interest, this fact does not satisfy the criteria for a mass action under CAFA.  Nor is the difference between a <u>parens patriae</u> action in <u>Hood</u> and the claims here relevant.  There is nothing in CAFA providing that the number of named plaintiffs may vary depending on the nature of the underlying claims.  The defendants urge this court to construe CAFA

broadly.  No policy concern or rule of construction, however, can undermine the text of the statute as construed by the Supreme Court.  See Erie Ins. Exch. by Stephenson v. Erie Indem. Co., 68 F.4th 815, 821 (3d Cir. 2023).  The fact that Congress loosened the complete diversity requirement for class actions and mass actions does not mean that other requirements imposed by Congress should be ignored.

In sum, Hood holds that CAFA requires at least 100 named plaintiffs for any mass action, not simply 100 or more persons who are real parties in interest.  The Supreme Court could not have been clearer.  Since there are not a hundred named plaintiffs in any of the complaints, defendants' argument that subject matter jurisdiction exists because these lawsuits are mass actions under 28 U.S.C. § 1332(d)(11) is without merit.

VII

The plaintiffs' motions to remand these actions will be granted except for Atlas Data Privacy Corp. v. MyHeritage Ltd., Civil Action No. 24-4392, as to which the motion to remand will be denied.  The defendant MyHeritage (USA) Ltd. in that action will be dismissed because it is fraudulently joined.

The court concludes that: (1) Atlas is a real party in interest; (2) the assignments to and joinder of Atlas are not collusive; (3) there is no fraudulent joinder except as noted above; (4) complete diversity of citizenship is lacking under 28

U.S.C. § 1332(a) except for the one action noted above; and (5)

subject matter jurisdiction is absent under the class action and

mass action provisions of the Class Action Fairness Act, 28

U.S.C. § 1332(d).


                              BY THE COURT:


                              /s/ Harvey Bartle III
                                                    J.