# United States Court of Appeals for the Third Circuit

## Corporate Disclosure Statement and Statement of Financial Interest

No. 24-8044

Atlas Data Privacy Corporation, et al.

v.

Blackbaud Inc., et al.

### Instructions

Pursuant to Rule 26.1, Federal Rules of Appellate Procedure any nongovernmental corporate party to a proceeding before this Court must file a statement identifying all of its parent corporations and listing any publicly held company that owns 10% or more of the party's stock.

Third Circuit LAR 26.1(b) requires that every party to an appeal must identify on the Corporate Disclosure Statement required by Rule 26.1, Federal Rules of Appellate Procedure, every publicly owned corporation not a party to the appeal, if any, that has a financial interest in the outcome of the litigation and the nature of that interest. This information need be provided only if a party has something to report under that section of the LAR.

In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate shall provide a list identifying: 1) the debtor if not named in the caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is an active participant in the bankruptcy proceedings. If the debtor or the bankruptcy estate is not a party to the proceedings before this Court, the appellant must file this list. LAR 26.1(c).

The purpose of collecting the information in the Corporate Disclosure and Financial Interest Statements is to provide the judges with information about any conflicts of interest which would prevent them from hearing the case.

The completed Corporate Disclosure Statement and Statement of Financial Interest Form must, if required, must be filed upon the filing of a motion, response, petition or answer in this Court, or upon the filing of the party's principal brief, whichever occurs first. A copy of the statement must also be included in the party's principal brief before the table of contents regardless of whether the statement has previously been filed. Rule 26.1(b) and (c), Federal Rules of Appellate Procedure.

If additional space is needed, please attach a new page.

(Page 1 of 2)

Pursuant to Rule 26.1 and Third Circuit LAR 26.1, __Precisely Holdings, LLC, Precisely Software Inc., and Precisely Software Ltd.__ makes the following disclosure:

(Name of Party)

1) For non-governmental corporate parties please list all parent corporations: Precisely Holdings, LLC is a direct, wholly owned subsidiary of Precisely Software Inc.; Precisely Software Ltd. is a direct, wholly owned subsidiary of Precisely Software Inc.; Precisely Software Inc. is a direct, wholly owned subsidiary of Starfish Holdco LLC. The direct parent and sole member of Starfish Holdco, LLC is Starfish Intermediate, Inc., which is owned by Starfish Parent, LP as well as other private investors that individually do not own 10% or more of its stock. Starfish Parent, LP is owned by private investors that are not corporations or publicly held corporations.

2) For non-governmental corporate parties please list all publicly held companies that hold 10% or more of the party's stock:
N/A

3) If there is a publicly held corporation which is not a party to the proceeding before this Court but which has as a financial interest in the outcome of the proceeding, please identify all such parties and specify the nature of the financial interest or interests:
N/A

4) In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate must list: 1) the debtor, if not identified in the case caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is active participant in the bankruptcy proceeding. If the debtor or trustee is not participating in the appeal, this information must be provided by appellant.
N/A

/s/ William C. Baton                    Dated: 12/13/2024
(Signature of Counsel or Party)

rev: 09/2014                    (Page 2 of 2)